Opinion by
 

 Hirt, J.,
 

 From plaintiff’s statement of claim it appears that on June 6, 1922 a savings account was opened with defendant bank in the name of plaintiff, then a young child, by his father as trustee. From time to time additional deposits were made which with interest credits, amounted to a total of $1,120.37. The whole of this amount was withdrawn by the father and paid to the defendant bank to apply on his personal obligations to it. The bank accepted the proceeds of withdrawals from the account with full knowledge that the father was treating the fund as his own. Alleging that the relationship was one of irrevocable trust and that the bank was a party to a fraudulent misappropriation of the fund, plaintiff, on coming of age, brought this action against the bank to recover the above amount so withdrawn. The lower court sustained the affidavit of defense raising questions of law and entered judgment in favor of defendant. Thereafter, plaintiff petitioned to open the judgment and asked leave to amend his statement of claim. The amendment was disallowed and the court refused to open the judgment. Hence this appeal, raising the question of the right to amend, and, if the amendment must be alhrwed, whether plaintiff’s pleadings present a good cause of action.
 

 It Avas formerly the rule that money deposited to the credit of a person as trustee for another, prima facie, belonged to that other and the burden was on the party claiming it to disprove such title.
 
 Arnold v. Macungie
 
 
 *291
 

 Savings Bank,
 
 71 Pa.
 
 287; Gaffney’s Estate,
 
 146 Pa. 49, 23 A. 163. But the intention of the parties was controlling and a purpose other than creating a trust might be shown by the circumstance that the depositor exercised complete dominion over the fund and made frequent deposits and withdrawals in “a multitude of financial transactions”:
 
 Rambo v. Pile,
 
 220 Pa. 235, 69 A. 807. More recently, again recognizing that deposits may be made by one, nominally as trustee for another, but in reality for purposes other than upon a trust, it is the general rule .that whether a trust is tentative or irrevocable, or whether any trust is in fact created depends upon the intention of the parties. Restatement, Trusts, §58. The doctrine of tentative trusts has found full expression in
 
 Scanlon’s Estate,
 
 313 Pa. 424, 169 A. 106, as follows: “A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the pass book or notice to the beneficiary.” This doctrine has been amplified in such later decisions as
 
 Pozzuto’s Estate,
 
 124 Pa. Superior Ct. 93, 188 A. 209 and in
 
 Bearinger’s Estate,
 
 336 Pa. 253, 9 A. 2d 342.
 

 Without more than the fact of an account in the name of the father in trust for his son, the bank would have been justified in regarding the trust as tentative, with no obligation upon it to inquire into the trustee’s right to withdraw nor the uses to which the withdrawals were put. And plaintiff’s allegation that the monies deposited in the account were not his father’s but were the proceeds of gifts to plaintiff during his childhood from relatives and friends, in itself did not impose liability on the bank for withdrawals by the father. The fact that the funds deposited were not the father’s money is not enough but, if the bank had knowl
 
 *292
 
 edge that the deposits belonged to the son upon an irrevocable trust, it became liable if it knowingly applied the proceeds of the deposits to the individual debt of the father. 7 Am. Jur., Banks, §519; Annotations, 13 A.L.R. 324; 31 A.L.R. 756; 50 A.L.R. 632.
 

 In the proffered amendment, plaintiff averred that “defendant bank at the time of receiving such monies, through its proper officers and agents, had been advised of and had full knowledge of the arrangement and conditions under which said trust account had been opened, .the purposes of ,the same and the sources from which the monies deposited in said account had been derived” i.e., from relatives and friends and that the deposits were “intended to be for the sole use, benefit, and advantage of, and to be the property of” plaintiff. Though the averment of notice to defendant might be more specific, the averments of the statement so amended, if proved, will support recovery against the bank. It is well settled that if a bank has notice that a fiduciary intends to misappropriate trust funds on deposit to his own use, the bank becomes liable for the misappropriations; by allowing the withdrawals, the bank becomes a party to the fraud by failing to prevent its accomplishment. This is particularly so if, as charged in this case, the bank accepts the fruits of the misappropriation and applies them to the personal obligation of the fiduciary. 7 Am. Jur., Banks, §521. Under the Uniform Fiduciaries Act of May 31, 1923, P. D. 468, §7, 20 PS 3391, the bank is liable if it “pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in drawing the check or with knowledge of such facts that its action in paying the check amounts to bad faith.” Sections 8 and 9 of the act are of like import. See
 
 Davis, Trustee v. Pennsylvania Co.,
 
 337 Pa. 456, 12 A. 2d 66.
 

 Plaintiff was denied the right to amend for the reason that, “according to the recollection of the court”
 
 *293
 
 the opportunity to amend was given him at the original argument; that he then refused to amend and elected to stand on his original pleading. We have little doubt that this is so. But since plaintiff takes issue with the recollection of the court and avers that he was at all times denied the right, the amendment must be allowed in the absence of a positive statement of the court to the contrary. Entering judgment for the defendant on statutory demurrer can be justified only when a decision of the question of law disposes of the
 
 claim.
 
 A defective statement of claim may be made a good pleading by amendment. Recognition of the right to amend, if the application is timely, is not a matter of discretion with the court but is a positive duty.
 
 Euster v. Standard Accident Ins. Co.,
 
 139 Pa. Superior Ct. 6, 10 A. 2d 877.
 

 The order is reversed and it is directed that judgment be opened with leave to plaintiff to file an amended statement of claim within 15 days.