Max SCHWARTZ, Trustee for
Rug Rack, Inc.

v.

Lorin PIERUCCI, et al.

Misc. A. No. 84–0726.

United States District Court,
E.D. Pennsylvania.

March 26, 1986.

---

Kenneth F. Carobus, Philadelphia, Pa., for plaintiff.

John N. DelCollo, Philadelphia, Pa., for defendant, Lorin Pierucci.

David C. Corujo, Philadelphia, Pa., for defendant, Main Line Federal Sav. & Loan Ass'n.

Andrew A. Borek, Philadelphia, Pa., for defendant, Travelers Ins. Co.

Peter A. DeLiberty, Broomall, Pa., for defendant, David D'Allessandro.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is the defendant Main Line Federal Savings and Loan ·Association's (SL) motion for summary judgment. The issue presented here is whether the statute of limitations bars the plaintiff Max Schwartz, a trustee in bankruptcy (the "trustee") for Rug Rack, Inc. (the "debtor") from relief.

The plaintiff commenced this action on September 5, 1984 in an effort to recover sums of money from, *inter alia*, SL based upon claims under the Bankruptcy Code and/or Pennsylvania state law. Basically, the trustee claims that David D'Alessandro and Lorin Pierruci, former principals and officers of the debtor corporation, endorsed three checks, cashed them at SL's bank, and used the proceeds to pay themselves, various creditors of the debtor corporation, and/or personal creditors of the principals.

The trustee had made eight claims for relief in the second amended complaint. However, the trustee admits in answers to SL's interrogatories[1] that there are no claims against SL in four counts: Count I, Plaintiff's Answers to Interrogatories at ¶ 4; Count III, *id.* at ¶ 6; Count VI, *id.* at ¶ 7; and Count VII, *id.* at ¶ 8. Because the

---

**1.** Fed.R.Civ.P. 56(e) permits the use of answers to interrogatories in a motion for summary judgment.

plaintiff admits there are no grounds for relief as to these counts, a partial summary judgment is granted. The trustee also states that he "has no evidence that [SL] was one of the persons against which the claim in Count II [alleging that the Individuals Payees conspired to defraud the debtor] is alleged." *Id.* at ¶ 5. Since the plaintiff admits there is no evidence to support this claim, Count II must also be dismissed. In regard to Count V (alleging a conspiracy to defraud the debtor and the debtor's creditors), the trustee states that he "has no evidence that [SL] conspired with anyone to defraud the creditors" and that "[t]he trustee has no evidence of this allegation." *Id.* at ¶ 15, 16. Accordingly, this Count must also be dismissed against the instant defendant. The only claims remaining against SL are Counts IV–A (SL knowingly or in bad faith cashed the checks for the principals of the debtor in violation of 7 Pa.Stat.Ann. § 6372 (Purdon Supp.1985) and in violation of SL's procedures and the standards of the industry), and Count IV–B (SL's acts were in violation of 7 Pa. Stat.Ann. §§ 6381, 6382, 6391, 6392, and 6393, and in violation of its own procedures and the standards of the industry). Thus, the remaining Counts against SL are grounded upon selected provisions of Pennsylvania's Uniform Fiduciary Act (UFA), 7 Pa.Stat.Ann. § 6361, *et seq.* (Purdon 1967 & Supp.1985) which governs, *inter alia,* transactions between a bank, namely SL, and a fiduciary, namely the officers of the debtor corporation.

There is no question that a Rule 56 motion is an appropriate means of raising the statute of limitations defense. See *Gruca v. United States Steel Corp.,* 495 F.2d 1252 (3d Cir.1974). *See also* 6 *Moore's Federal Practice,* ¶ 56.17[58] (2d ed. 1985). SL has raised the statute of limitations as set forth in numerous provisions: the Bankruptcy Code, 11 U.S.C. §§ 108(a), 546(a); the Pennsylvania Commercial Code, 13 Pa.Cons. Stat.Ann. § 4406; the Pennsylvania Banking Code, 7 Pa.Stat.Ann. § 602; and the Pennsylvania Judicial Code, 42 Pa.Cons. Stat.Ann. § 5524. After carefully reviewing these provisions and the entire record, I

conclude that the statute of limitations does not bar the trustee from pursuing an action against SL.

 Because this case arises out of a bankruptcy proceeding, I will initially address the provisions of the Bankruptcy Code. SL asserts that the limitation on the trustee's avoiding power pursuant to 11 U.S.C. § 546 has expired. Section 546 provides in part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; and

(2) the time the case is closed or dismissed.

However, the claims against SL are brought pursuant to state law, not under the trustee's avoiding powers. Thus, I conclude that Section 546(a) is inapplicable.

 SL also claims that Section 108 of the Bankruptcy Code bars the trustee's claims made under state law. Section 108 of the Code provides:

(a) If applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) two years after the order for relief.

11 U.S.C. § 108(a). The order for relief was entered on February 25, 1982. Since suit was filed in September of 1984, the two year limitation under Section 108(a)(2) has expired. Accordingly, the inquiry here focuses on the applicable limitation period pursuant to Section 108(a)(1). SL argues that the applicable state law statute of limitation period is either one or three

years pursuant to Section 4406 of the Commercial Code.[2] 13 Pa.Cons.Stat.Ann. § 4406. Section 4406 applies where a customer of a bank claims that a drawee bank has cashed either an altered check or one which contained an unauthorized signature. Relative to the Traveler Insurance Company checks, it is not alleged that SL is the drawee bank here. Further, after carefully scrutinizing the complaint, I fail to find any allegations against SL which raise the issue of an altered check or an unauthorized signature indorsement. Thus, this section is inapplicable in the present case.

■ SL also asserts that the three year statute of limitations pursuant to the Banking Code, 7 Pa.Stat.Ann. § 602,[3] bars the trustee's claims. The plaintiff trustee here is not alleging that an incorrect accounting was made by SL to the debtor, rather the trustee merely alleges that the "defendant's allowing of the accounting was incorrect." Trustee's Memorandum of Law in Opposition to Main Line Federal Savings and Loan Association's Motion for Summary Judgment and to Amend at 4. Therefore, Title 7 Section 602 is not applicable to the matter before me.

■ The trustee also maintains that because the UFA does not provide for a limitation period, the residual provision of Section 5527(6)[4] is applicable. Although the

trustee's position is, at first impression, tenable, upon closer examination of the nature of the allegations against SL, I conclude that the claims sound of tortious conduct, namely fraud, conversion and negligence. Under the UFA, a bank is liable if, for example, it has notice that the fiduciary intends to misappropriate funds and fails to prevent the act. *Downey v. Duquesne City Bank*, 146 Pa.Super. 289, 22 A.2d 124 (1941). More recently, the Pennsylvania Superior Court, in determining the scope of the UFA, has stated:

It is obvious that the Act addresses the concepts of both "negligence" and "bad faith". From the drafters' comments and the interpretation given the Act by our courts, we conclude that the Act applies when the essence of the complaint is that the defendant has paid money to someone who was authorized to receive it but later misapplied it.

*Robinson Protective Alarm Co. v. Bolger & Picker*, 337 Pa.Super. 503, 487 A.2d 373, 372 (1985). Without passing judgment on the merits of the claims against SL, I conclude that the "essense of the complaint" is fraud/conversion and/or negligence.[5]

■ Indeed, although both the trustee and SL make numerous arguments in support of their position, both seem to agree that the statute of limitation period govern-

---

**2.** Section 4406 provides in part:

> **§ 4406. Duty of customer to discovery and report unauthorized signature or alteration.**
> \* \* \* \* \* \*
> (d) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer subsection (a) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within 3 years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

**3.** Section 602 provides in relevant part:

> **§ 602. Deposits—receipts, notice of rules and binding effects of statements**
> \* \* \* \* \* \*
> (c) Statements—If an institution renders an accounting to a depositor by giving the deposi-

tor a statement of the account or by entries in a pass-book delivered to the depositor to show the condition of the account and if there is no objection to the accounting by the depositor, such accounting shall after a period of three years from the date it is rendered become final and binding. This provision is in addition to other statutory provisions affecting the duty of a depositor to examine statements and items paid from his account.

**4.** Section 5527 provides in part:

> The following actions and proceeding must be commenced within six years:
> (6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).
> 42 Pa.Cons.Stat.Ann. § 5527(6).

**5.** In argument and in the Answers to Interrogatories, the trustee asserts that Mrs. D'Alessan-

ing fraud is applicable. However, the parties disagree as to what is the appropriate time period.

The trustee claims that the six year limitation of Section 5527, *supra,* note 4 applies, while SL maintains that a two year limitations period pursuant to Section 5524[6] governs. This dispute over the appropriate limitation period arises because prior to 1982, the legislature did not clearly provide for limitations on actions based upon fraudulent conduct. Hence, the courts were split between using the two year limitation period of Section 5524(3) (governing actions which involve the "taking, detaining, or injuring of personal property") and the residual six year provision of Section 5527(6). *See A.J. Cunningham Packing v. Congress Financial,* 611 F.Supp. 532, 535 (W.D.Pa.1985) (citing cases).

In 1982, the legislature made clear that an action based upon negligent, fraudulent or otherwise tortious conduct must be brought within two years. 42 Pa.Cons. Stat.Ann. § 5524(7). However, Section 5524(7) applies only "to causes of action which accrue after the effective date of this act." Act of 1982, Pub.L. 1409, No. 326 § 403 December 20, 1982, effective in 60 days. I must decide which line of cases to follow because the alleged acts by SL occurred prior to the effective date of Section 5524(7).

For several reasons, I conclude that the statute of limitation governing the alleged fraudulent or otherwise tortious conduct in this case is two years pursuant to 42 Pa.Cons.Stat.Ann. § 5524. Initially, I note that prior to the 1982 amendment, the Pennsylvania Superior Court assumed that the two year limitation pursuant to Section 5524(3) applied to fraudulent actions. *Bickell v. Stein,* 291 Pa.Super. 145, 435 A.2d 610 (1981). However, I am persuaded by the well reasoned decisions by Judge Shapiro in *Flickinger v. C.I. Planning Corp.,* 556 F.Supp. 434, 438 (E.D.Pa.1982) and Judge Simmons in *A.J. Cunningham Packing v. Congress Financial,* 611 F.Supp. 532 (W.D.Pa.1985). In *Flickinger* Judge Shapiro stated:

> Proof of the elements of fraud may present even more problems of lapsed memory than proof of physically-manifested torts; this suggests that the Legislature intended to to place fraud in the same category as such torts.

*Flickinger,* 556 F.Supp. at 439 *quoted in A.J. Cunningham,* 611 F.Supp. at 536. Hence, Judge Shapiro decided that the two year limitations period governed fraud as well as other tortious actions. Finally, I am unpersuaded by the trustee's argument that the six year limitations period is required under the rationale of *Culbreth v. Simone,* 511 F.Supp. 906 (E.D.Pa.1981) *citing Biggans v. Bache Halsey Stuart Shields, Inc.,* 638 F.2d 605 (3d Cir.1980). *Culbreth* was decided prior to the Pennsyl-

dro, the spouse of David D'Alessandro (Rug Rack, Inc.'s principal and corporate officer) is an employee of SL. The trustee maintains that Mrs. D'Alessandro knew of the alleged fraud and facilitated the transfer of the checks. It appears that the claims against SL are based upon the knowledge and/or activities of Mrs. D'Alessandro. I note this solely to shed light as the trustee's theory of the case and, hence, to determine the appropriate statute of limitation period. I do not make any judgment as to the merits of the trustee's theory.

6. Section 5524 provides in part:
§ 5524. **Two year limitation**
The following actions and proceedings must be commenced within two years:
(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
(4) An action for waste or trespass of real property.
(5) An action upon a statute for a civil penalty or forfeiture.
(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon an execution or otherwise in his possession.
(7) Any other action or proceeding to recover damages for injury to person or proper-

vania Superior Court decision in *Bickell.* For these reasons, I conclude that the two year limitations period is appropriate in the instant case.

Having determined the applicable limitations period, I turn to the question of whether the statute of limitations bars the trustee's claims. Pursuant to my Memorandum and Order of September 30, 1985, the trustee was granted leave to amend the complaint in order to put forth the necessary information as to when he learned or should have learned of the alleged acts involving the checks and to state additional claims pursuant to the UFA. Having done so, the entire record discloses the following undisputed facts. Traveler's Insurance Company which had a policy with the debtor, issued three checks following a fire at the debtor's facility. The first check was dated March 24, 1981 and named "Rug Rack, Inc. and Irving L. Gubernick [an adjustor]" as joint payees. This check was endorsed by the payees with the debtor's president, Mr. D'Alessandro, and Treasurer, Mr. Pierucci, endorsing the check on behalf of the debtor. The second check, dated May 8, 1981, was drawn to the order of D'Alessandro and Pierucci "t/a The Rug Rack and Irving L. Gubernick." This check was endorsed by the payees. The third check dated October 22, 1981, was drawn to and endorsed by D'Alessandro, Pierucci, the Rug Rack, and John Del Collo (an attorney). The debtor used SL as a financial institution on certain occasions and had a savings account at the institution. SL states that the last two checks were endorsed and deposited in the debtor's account with SL.

On November 3, 1981, an involuntary petition in bankruptcy was filed by creditors of Rug Rack, Inc. On February 25, 1982 an Order for Relief was entered and on March 19, 1982 the plaintiff was appointed as interim trustee. Thereafter, on October 28, 1982, the creditors filed a motion with the bankruptcy court to force the debtor to file statements and schedules. These statements and schedules were filed on December 6, 1982. On November 17, 1983 an Order was entered approving the plaintiff's report as interim trustee, discharging the plaintiff, and closing the debtor's case. The bankruptcy case was reopened on May 31, 1984. Finally, on September 5, 1984, the trustee filed this suit.

For purposes of this motion, it is crucial to determine when the trustee learned or should have learned of the facts giving rise to the alleged fraudulent or otherwise tortious conduct of SL. The defendant supports this motion by submitting the trustee's Answers to a Request for Admissions and Answers to Interrogatories.

I find that two letters which the trustee produced in response to SL's interrogatories are dispositive.[7] In the letter dated March 26, 1982, counsel for the creditors asked that the trustee "investigate the likelihood that the debtor will be collecting the insurance proceeds." The letter of May 25, 1982 was a follow-up request that the trustee "investigate the payee of that insurance settlement." Both letters may have put the trustee on notice that some action was necessary on his part. It is undisputed that the plaintiff was acting as interim trustee when he received these letters. In this regard, I note that the trustee fails to object to the use of the letters or to oppose this motion by affidavit or otherwise showing that there is genuine issue of fact.

---

ty which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.Cons.Stat.Ann. § 5524 (Purdon Supp. 1985). Subsection 7 was added in 1982, note however, that the cause of action in this case allegedly arose in 1981.

**7.** I do not view these letters as inadmissible hearsay statements. Both are offered to show that the trustee was put on notice by the creditors and the truth of the matter, namely the insurance settlement, is not in question. Note further, these letters were produced by the trustee in response to SL's interrogatory seeking information as to whether the trustee had ever been contacted by any of the creditors of the debtor concerning any of the allegations in the complaint.

The statute of limitations will be tolled where there is fraud alleged and there is an effort to cover up the fraud so that an injured party cannot uncover the fraud. Where a fiduciary commits an act of fraud against his principal, the statute of limitations will be tolled, since the very position the fiduciary is in, prohibits the principal from uncovering the fraud. Furthermore, the fiduciary, because of his position of trust, would have an affirmative duty to the principal to disclose the fraud. Absent a disclosure, the fiduciary commits an act of continual covering up of the fraud. The alleged wrongful acts of SL could not be discovered by the trustee because of the alleged ongoing fraud of the principals. Here the letters may have placed upon the trustee a duty to inquire. If this is so, then the statute of limitations will be triggered at the time the trustee received the letters. However, the inference as to whether or not the letters imposed a duty upon the trustee to investigate is a question of fact, which must be resolved by a trier of fact. *Flickinger*, 556 F.Supp. at 439. Thus, specific interrogatories must be submitted to the jury on this question. In the absence of these letters, plaintiff asserts that he only discovered certain preferential payments on November 9, 1982 which was less than two years before the institution of the instant action.

For these reasons, summary judgment must be denied as to Count IV.