**In re TRUCO, INC., Thomas A. Rue, Debtors.**

**Stephen G. BRESSET, Esq., Trustee, Plaintiff,**

v.

**Margaret RUE; a/k/a Judy Rue; Notre Dame High School; First Eastern Bank, N.A.; Thomas Rue, Defendants.**

**Bankruptcy Nos. 77-146, 77-147.**

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 27, 1989.

Stephen G. Bresset, Honesdale, Pa., Trustee.

Charles P. Eyer, Stroudsburg, Pa., for First Eastern Bank.

John H. Doran, Wilkes–Barre, Pa., for debtors, Truco & Rue.

Randall Turano, Stroudsburg, Pa., for Margaret Rue.

Joseph E. O'Brien, Jr., Scranton, Pa., for Notre Dame.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This proceeding is before the Court on the Trustee's Complaint against defendants seeking a turnover of unauthorized payments made by the corporate Debtor during its Chapter 11 proceeding and prior to conversion of the case to Chapter 7. For the reasons provided herein, we grant judgment in favor of the plaintiff/trustee and enter judgment against all defendants for the amounts claimed in the Complaint.

Before proceeding further, we note that during the course of this litigation, the Trustee, Stephen G. Bresset, Esq., and Notre Dame High School entered into a Stipulation settling the dispute between those parties. Additionally, at the time of the hearing of the Motion for Summary Judg-

ment, which was subsequently denied by Order of this Court dated May 8, 1989, the Complaint against Thomas Rue was voluntarily dismissed by the Trustee. Consequently, the following discussion will concern only the First Eastern Bank and Margaret Rue.

The basis of the Complaint is that the defendants received and accepted checks drawn on a corporate debtor account to pay various personal obligations of Thomas Rue, President of the corporate debtor. The facts adduced at trial are as follows.

Between 1980 and 1985, Thomas Rue, President of the corporate debtor, issued various corporate checks to pay his personal obligations. All of these payments were issued after the filing of the petition initiating this bankruptcy. Mr. Rue testified that receipt of his salary from the corporate debtor was not by check made payable to him, but, rather, by checks made payable to his wife, Mrs. Rue, (hereinafter "Rue") to satisfy his support obligations to her. He further testified that the corporate debtor maintained offices at their personal residence and that the rent was paid directly to First Eastern Bank by payments on their personal mortgage obligation. Mr. Rue further stated that his tax returns reflected salary income from the business and that the monthly reports filed during the initial years of the bankruptcy reflect that the corporate debtor paid rent as a business expense in the approximate amount of the mortgage obligation to First Eastern Bank.

Based upon these facts the trustee argued both state and federal law to support his allegations that the payments made for the personal obligations of the male debtor from corporate funds were an *ultra vires* act and that these payments were violations of Mr. Rue's fiduciary responsibilities to the corporate debtor. The trustee relies primarily on Act § 70(d) and 70(e) to support his complaint.

Both defendants responded that all times relevant to the trustee's cause of action, payments were received in good faith and without knowledge that they may have been transferred by the corporate debtor in violation of both bankruptcy and state law. Further, the Bank argued that it gave consideration for the payments in the form of a mortgage loan. The Bank also raised, by way of new matter, a defense of running of the statute of limitations precluding the trustee from proceeding with his complaint. Rue argued that she received payments pursuant to obligations imposed on her husband by state law and more particularly, an Order of the Common Pleas Court of Monroe County, Pennsylvania, directing Mr. Rue to pay her alimony and support. Rue argues that the Order of the Common Pleas Court was consideration for the payments she received from the corporate debtor.

 Initially, we must comment on the propriety of the actions taken by Mr. Rue, corporate President of Truco, Inc. The facts are undisputed that Mr. Rue wrote corporate checks to both the Bank and Mrs. Rue to fulfill his personal obligations. Both defendants assert the validity of the actions taken by Mr. Rue and acknowledge the existence of these personal obligations. But, as is pointed out by Rue in her Brief at page 8, this is not a case where the transaction complained of includes only two parties, namely the debtor-in-possession and the party who received the funds. The Trustee in this matter represents all unsecured creditors of both the individual's bankruptcy estate and the corporate debtor's estate. As to those creditors, the transfers of funds were improper because an officer (President) of the corporate debtor used corporate funds to pay his own personal obligations in direct violation of the Pennsylvania Corporation Law. In addition, the payments were basically concealed from all of the corporate debtor's creditors because of a failure to file monthly reports reflecting the payments. Officers and directors of a corporation stand in a fiduciary relationship to that corporation and even in close, family owned corporations, directors are liable if they act in such a way as to profit their individual and other corporate enterprises at the expense of the corporation. See *In re New York City Shoes, Inc.*, 84 B.R. 947 (Bankr.E.D.Pa.

1988). We find that Mr. Rue breached his fiduciary duties to the corporation and that the payments made to both the Bank and Mrs. Rue were improper as being ultra vires acts on behalf of the corporation.

■ We now address whether the Trustee can recover the payments made to the Bank and Mrs. Rue. The Trustee relies on his avoidance power under § 70(e)(1) which provides as follows:

e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

Both the Bank and Mrs. Rue rely on § 70(d)(1) to support their contention that the trustee cannot recover the transfers in question. Section 70(d)(1) provides as follows:

d. After bankruptcy and either before adjudication or before a receiver takes possession of the property of the bankrupt, whichever first occurs—

(1) A transfer of any of the property of the bankrupt, other than real estate, made to a person acting in good faith shall be valid against the trustee if made for a present fair equivalent value or, if not made for a present fair equivalent value, then to the extent of the present consideration actually paid therefor, for which amount the transferee shall have a lien upon the proper so transferred;

We note that pursuant to § 70(d)(5) and Bankruptcy Rule 603, the party asserting the validity of a transfer under that subdivision has the burden of proof.

■ The Bank argues that it gave consideration for the payments in the form of a mortgage loan. The mortgage loan, however, was with Mr. and Mrs. Rue and not the corporate debtor. Consequently, the Bank failed to provide present fair equivalent value or present consideration to Truco, Inc., the corporate debtor. The Bank's "good faith" argument also fails. The Bank has responsibility to inquire whether or not a fiduciary, in this case Mr. Rue, is committing a breach of his fiduciary obligation to the corporation. We direct the parties' attention to the Uniform Fiduciaries' Act at 7 P.S. § 6381 which provides as follows:

Section 6381. Check drawn by fiduciary payable to third person.

If a check or other bill of exchange is drawn by a fiduciary as such, or in the name of his principal by a fiduciary empowered to draw such instrument in the name of his principal, the payee is not bound to inquire whether the fiduciary is committing a breach of his obligation as fiduciary in drawing or delivering the instrument, and is not chargeable with notice that the fiduciary is committing a breach of his obligation as fiduciary unless he takes the instrument with actual knowledge of such breach or with knowledge of such facts that his action in taking the instrument amounts to bad faith. If, however, such instrument is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of, or as security for, a personal debt of the fiduciary to the actual knowledge of the creditor, or is drawn and delivered in any transaction known by the payee to be for the personal benefit of the fiduciary, the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument.

The facts support the Trustee's allegations that the Bank accepted checks drawn on the corporate debtor's account and that the payments were made directly to the Bank on Mr. Rue's personal obligation under the mortgage loan.

The Bank also raised a statute of limitations issue and asserts that the Trustee cannot proceed with his complaint against the Bank. The Bank, however, did not cite which statute of limitations it feels applies under the circumstances. Nonetheless, the Court has determined that since 1982, the legislature of Pennsylvania has made it clear that an action based upon negligent,

fraudulent or otherwise tortious conduct must be brought within two (2) years. See *Schwartz v. Pierucci*, 60 B.R. 397 (E.D. 1986) and 42 Pa.Cons.Stat.Ann. § 5524(7). Additionally, the *Schwartz* case also provides at page 403 the following:

"The statute of limitations will be tolled where there is fraud alleged and there is an effort to cover up the fraud so that an injured party cannot uncover the fraud. Where a fiduciary commits an act of fraud against his principal, the statute of limitations will be tolled, since the very position the fiduciary is in, prohibits the principal from uncovering the fraud. Furthermore, the fiduciary, because of his position of trust, would have an affirmative duty to the principal to disclose the fraud. Absent a disclosure, the fiduciary commits an act of continual covering up of the fraud."

■ Such are the facts in the instant proceeding. Here, the principal of the debtor established a pattern over a five (5) year period of writing checks from the corporate account to his personal creditors. During this same period, creditors of the corporate debtor could not determine the basis of these payments because of a failure to file monthly reports with the Bankruptcy Court. Thereafter, in 1986, a trustee was appointed after the case was converted to one under Chapter 7. This trustee was given the arduous task of trying to investigate the financial affairs of both the individual debtor and the corporate debtor without the benefit of monthly financial reports. Consequently, we determine that under these circumstances, and in accordance with the reasoning of the *Schwartz* case, that the applicable statute of limitations tolled as to the trustee. We note that the trustee was appointed in January of 1986 and did a prompt investigation leading to the filing of the instant complaint in October of 1986. While Mrs. Rue has not raised the statute of limitations issue, we determine that it is also applicable to the complaint against her. We further find that the trustee was successful in his burden of showing postpetition transfers fraudulent as to other creditors and therefore, fraudulent as to himself. The Bank, under both § 70(d)(5) and Bankruptcy Rule 603, failed in its burden of showing the affirmative defenses contained in § 70(d) and thus, must turn over to the trustee the sum of $19,227.44 representing postpetition mortgage payments made on the personal mortgage loan of the individual debtor.

■ Mrs. Rue claims that she also received payments in good faith because she had no knowledge that they were in violation of any law and, in particular, the Bankruptcy Act. She further alleges that she gave consideration for the payments because they were made pursuant to an order of the Court of Common Pleas directing Mr. Rue to make support and alimony payments to her in the monthly total amount of $750.00. We need not determine whether Mrs. Rue acted in good faith because she failed to provide the corporate debtor consideration for the payments she received.

Mrs. Rue, unlike the Bank, filed a cross claim against Mr. Rue which procedurally, is at best confused. While she has labeled this portion of her answer as a Cross Claim, what she did was to plead an affirmative defense against the Trustee. In short, Mrs. Rue claims that Mr. Rue is more culpable than she because he knew he was violating the bankruptcy law and, therefore, any judgment entered against Mrs. Rue should in fact be the responsibility of Mr. Rue directly to the trustee. While Mr. Rue has breached his fiduciary duties to the corporation, Mrs. Rue cannot use this as a defense to the trustee's turnover complaint against her. Consequently, we enter judgment against Mrs. Rue in the amount of $54,190.00 representing payments she received between January 14, 1980 and May 2, 1984 from Truco, Inc.

Based upon the foregoing and the testimony adduced at both the time of the hearing on the motion for summary judgment and at the trial of this matter, we find the trustee has sustained his burden under § 70(e)(1) of proving that the payments in question to both Mrs. Rue and the Bank were fraudulent as to the trustee and further, that the Bank and Mrs. Rue have not

met their respective burdens as provided by § 70(d)(1) and Rule 603.

## ORDER

AND NOW, at Wilkes–Barre, this 27th day of December, 1989, it is hereby

ORDERED that judgment is entered in favor of the Plaintiff, Stephen G. Bresset, Esq., Trustee and against the Defendants; and further

ORDERED that the Defendant, First Eastern Bank, is to turn over to the Trustee on behalf of the above referenced estate, the amount of $19,227.44; and further

ORDERED that the Defendant, Margaret Rue, a/k/a Judy Rue, is to turn over on to the Trustee behalf of the above referenced estate, the amount of $54,190.00; and further

ORDERED that the Clerk of the Court shall file this document as the judgment of the Court.