In re **TAYLORCRAFT AVIATION CORP., Debtor.**

Charles A. **SZYBIST,** Esq., Trustee, Plaintiff,

v.

**AIRCRAFT ACQUISITION CORPORATION,** Alex A. Mervis, Darus H. Zehrbach, John Polychron, East Kent Capital, Inc., Taylorcraft Aircraft Co., Capital Resource Group, Inc., Drizos Investment Capital Markets, Inc., Leander Research Manufacturing and Distributing, Inc. and Starman Brothers Auctions, Inc., Defendants.

Bankruptcy No. 5–86–00741.
Adv. No. 5–91–0130.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 28, 1993.

Charles A. Szybist, Trustee, Williamsport, PA, pro se.

John H. Doran, Wilkes–Barre, PA, for plaintiff Charles A. Szybist.

Robert V. Campedel, Pittsburgh, PA, for Taylorcraft Aircraft Co., East Kent Capital, Inc., and John Polychron.

L. Paul Alvestad, Tacoma, WA, for Leander Research Mfg. and Distributing, Inc.

David L. Buelt, Omaha, NE, for Starman Bros. Auctions, Inc.

Sam A. Eidy, Toledo, OH, for Darus A. Zehrbach.

Carl R. Schiffman, Pittsburgh, PA, for Alex A. Mervis.

Herve Gouraige, Newark, NJ, for Drizos Inv. Capital Markets, Inc.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

Before the Court are two (2) pre-trial Motions namely, a Motion for Reconsideration of an Order of this Court dated May 19, 1993, filed by Leander Research Manufacturing and Distributing, Inc. (hereinafter "Lean- der") and Starman Brothers Auctions, Inc. (hereinafter "Starman") and a Motion to Dismiss filed by Capital Resource Group, Inc. (hereinafter "Capital"). For the reasons provided herein, we grant both Motions.

On or about December 11, 1986, Taylorcraft Aviation Corp. (hereinafter "Debtor") filed a Chapter Eleven Bankruptcy Petition. Thereafter on July 24, 1989, the case was converted to one under Chapter Seven. The Plaintiff, Charles A. Szybist, Esquire, (hereinafter "Plaintiff"), was appointed Trustee on July 25, 1989.

On or about September 25, 1989, the Plaintiff noticed creditors and parties in interest of his intention to sell the assets of the Debtor at a private sale to Leander unless objections were made to the sale or higher bids were presented. The notice established that a private auction and the entertainment of higher bids would occur on October 30, 1989. In response to that notice certain bids were received and in some cases withdrawn on or before October 29, 1989. Thereafter, based upon certain events, namely a telephone call from Alex A. Mervis (hereinafter "Mervis"), an employee of Drizos, the Trustee cancelled the sale for October 30, 1989. Thereafter, he rescheduled the sale for November 15, 1989 at which time the assets of the Debtor were sold to Aircraft Acquisition Corporation (hereinafter "AAC") for the sum of One Hundred Sixty–Five Thousand Dollars ($165,000.00). The Trustee filed an Adversary Complaint on October 21, 1991 against AAC, Mervis, Darus H. Zehrbach (hereinafter "Zehrbach"), John Polychron (hereinafter "Polychron"), East Kent Capital, Inc. (hereinafter "East Kent"), and Taylorcraft Aircraft Co., alleging that the above- named Defendants entered into collusive bidding agreements in an effort to control the bids and purchase the assets for far less than the fair market value of those assets thereby depriving the estate of their proper value. This action was commenced under the dictates of 11 U.S.C. § 363(n) which, in its entirety, provides as follows:

> The trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to

such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

On November 18, 1992, the Defendants, Polychron, East Kent and Taylorcraft Aircraft Co., filed a Motion for Leave to Amend the Caption and Add as Third Party Defendants, Leander and Starman. That Motion was approved by Order of this Court dated November 23, 1992. The Third Party Complaint was filed on November 30, 1992. Leander and Starman answered the Third Party Complaint by denying most of the allegations of the Complaint and each answer indicated that the Third Party Complaint failed to state a claim upon which relief could be granted.

On May 14, 1993, the Plaintiff filed a Motion for Leave to Amend Complaint to Add Leander and Starman as original Defendants and for Permission to Amend Complaint Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure. That Motion was granted by an Order of this Court dated May 19, 1993. On May 25, 1993, the Plaintiff filed his Amended Complaint.

On June 1, 1993, Leander and Starman filed a Joint Motion for Reconsideration of the Court's May 19, 1993 Order adding Leander and Starman as original Defendants. Additionally, on September 20, 1993, Capital filed a Motion to Dismiss. Both of these Motions raise the same legal arguments as to why the original Complaint should be dismissed and therefore will be handled jointly in this memorandum.

Leander and Starman allege that they were added as original Defendants because of a transaction which occurred almost four (4) years prior to the amendment and therefore the applicable statute of limitations expired with respect to those two Defendants. Additionally, their Motion cites the Doctrine of Waiver and Laches therefore estopping the Trustee from bringing the action against them. Likewise, Capital indicates that the applicable statute of limitations for this type of action in Pennsylvania is two (2) years and that the Trustee's claim was brought against Capital nearly three (3) years and seven (7) months after the sale and therefore it is time barred. All parties agree that if the Bankruptcy Code or a federal statute of limitations does not speak to the specific cause of action, then the Court is to look to the applicable state statute of limitations.

Additionally, Capital argues that Rule 9024 of the Bankruptcy Rules of Procedure and Rule 60(b) of the Federal Rules of Civil Procedure apply and that under these Rules this matter is also time barred. As to all of these arguments, the Trustee responds that under Federal Rule of Civil Procedure 15(c) the filing of the Amended Complaint is permitted because of the "Doctrine of Relation Back" which permits the addition of new parties outside the limitations period because the amendment relates back to the date of the original pleading.

■ Before proceeding to the substance of these arguments, the Court notes that while the Motion filed by Leander and Starman is for a Motion for Reconsideration the Court will also treat it as a Motion to Dismiss. We take this approach because it is the function of the Motion, not the caption which dictates which Rules apply. *Turner v. Evers*, 726 F.2d 112, 114 (3rd Cir.1984). The arguments raised in the Motion for Reconsideration in most respects parrot those raised by Capital in its Motion to Dismiss. This Court is not anxious to rule on any Motion purely on procedural grounds and will usually look to make determinations on the merits. For that reason and because of other reasons quoted above, this Court will also treat Leander and Starman's Motion as a Motion to Dismiss.

Both the Motion for Reconsideration and the Motion to Dismiss argue that under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to Bankruptcy procedures by Rule 9024, the time period in which the Trustee should have filed his Complaint

ran. The applicable section of Rule 60(b) that the Defendants rely on reads, in pertinent part, as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

Capital's Motion is also based upon Federal Rule of Civil Procedure 12(b)(6). The Motion argues that the Complaint failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) as made applicable to Bankruptcy proceedings by Bankruptcy Rule 7012.

We find much guidance when confronted with a 12(b)(6) Motion in 2A Moore's Federal Practice ¶ 12.07[2.–5] at page 12–63 et seq. wherein we find the following:

### Failure To State a Claim Upon Which Relief Can Be Granted.

A motion to dismiss for failure to state a claim upon which relief can be granted performs substantially the same function as the old common-law demurrer. A dismissal under this provision is on the merits and is accorded res judicata effect. For this reason, dismissal under subdivision (b)(6) is generally disfavored by the courts.

The burden of demonstrating that no claim has been stated is upon the movant. In determining the motion, the court must presume all factual allegations of the complaint to be true and all reasonable inferences are made in favor of the non-moving party. However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness.

Generally, the allegations of a complaint are to be liberally construed. This is especially true when the complaint is made pro se.

After thus construing the complaint, the court should deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". In *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 the Supreme Court stated:

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

In making this determination, the likelihood that plaintiff will prevail is immaterial, as is the fact that the requested relief is inappropriate, or the legal theories have been miscategorized.

The court may not consider any material other than the pleadings in determining a motion under subdivision (b)(6) unless it converts the motion into a motion for summary judgment under Rule 56.... [Citations omitted.]

A Motion to Dismiss under Rule 12(b)(6) is a proper vehicle to bring a defense of the running of a statute of limitation to the Court's attention. *2A Moore's Federal Practice ¶ 12.10 at page 12–117 et seq.*

Capital argues that the limitation period has run under Federal Rule of Civil Procedure 60(b) and more particularly, that Rule 60(b)(3) is applicable to claims brought pursuant to Section 363(n). This Court agrees. This Court, however, does not agree that the one (1) year limitation period provided for in Rule 60 is the actual statute of limitations that this Court should look to in making the instant determination. In its argument and more particularly the case cited by Capital, the Courts have determined that the Orders confirming the sales were either procured

through a fraud or one of the other prerequisites contemplated by Rule 60. Those cases do not hold that the statute of limitations for bringing an action under Section 363(n) is one (1) year and this Court finds that this argument is totally without merit.

In the defense to the Motion for Reconsideration and particularly at page 3 of the Plaintiff's Brief in Opposition, the Plaintiff indicates that he agrees with Defendants in their statement of the general rule on the statute of limitations. As proposed by Leander and Starman, when there is no statute of limitations contained in the federal law or the Bankruptcy Code, the statute of limitations under state law namely, 42 Pa.C.S.A. § 5524(7) is applicable. The answer filed by the Plaintiff to the Motion to Dismiss at paragraph 16, however, denies that the Pennsylvania two (2) year statute of limitations for fraud is applicable to this claim. The Court will treat these inconsistent answers as a denial that Pennsylvania statute of limitations applies.

■ 2 Moore's Federal Practice ¶ 3.08[2] at page 3–43, provides that "In actions where a federally-created right is being enforced but there is no controlling federal statute of limitations, a federal court will ordinarily 'borrow' the most closely analogous state statute of limitations of the state where the district court is held, including its borrowing statute. [Footnotes omitted.] There is no federal statute of limitations and consequently, we look to Pennsylvania law particularly 42 Pa.C.S.A. § 5524(7) and determine that the appropriate statute of limitations for fraudulent or otherwise tortious conduct must be brought within two (2) years. See *In re Truco, Inc.*, 110 B.R. 150 (Bkrtcy.M.D.Pa.1989), *In re Shields*, 148 B.R. 783 (Bkrtcy.E.D.Pa.1993). While this Court acknowledges that a Trustee's attempt to void an Order under Section 363(n) is subject to the time limitations imposed in Rule 60 (see *In re Intl Nutronics, Inc.*, 3 F.3d 306 (9th Cir. (Cal.))), the Trustee, in this case, is not seeking to avoid an Order approving the sale as in the *In re Intl Nutronics, Inc.* case *supra.* and *Matter of Met–L–Wood Corp.*, 861 F.2d 1012 (7th Cir.1988); cases cited by Capital. Here the sale was not approved by the Court and the prayer of the Trustee requests that judgment be entered against the Defendants determining that the fair market value of the property sold at the time of sale was Four Hundred Thousand Dollars ($400,000.00) and further requests damages in the sum of Two Hundred Thirty–Five Thousand Dollars ($235,-000.00) representing the difference between the fair market value of the property sold and the amount previous paid by the Defendants to the Plaintiff. Also, requests for punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00) and for attorneys' fees and costs were made. Consequently, the Court determines that the applicable statute of limitations is the two (2) years as provided in 42 Pa.C.S.A. § 5524(7).

■ This brings the Court to the determination of the defense raised by the Trustee namely that Rule 15(c) of the Federal Rules of Civil Procedure dictates that the Amended Complaint "relates back" to the time of the original filing of the Complaint on October 21, 1991.

Rule 15(c) in pertinent part provides as follows:

**Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the

action would have been brought against the party.

The Trustee argues that under the Doctrine of Relation Back as embodied in Federal Rule of Civil Procedure 15(c) he can add additional parties outside the limitations period and have that amendment of the pleadings relate back to the date of the original pleading provided all the conditions of Rule 15(c) were met. In support, he cites *Cahill v. Carroll*, 695 F.Supp. 836 (E.D.Pa.1988). Additionally, he argues that neither Leander nor Starman have shown that they will be unduly prejudiced by the proposed amendment; that he has acted in good faith; that he amended the original complaint in a timely manner; that Defendants have had ample time to gather facts and evidence to be presented at trial; and that they were put on notice that the Plaintiff was going to assert claims against them as evidenced by their being the subject of an investigation by the Federal Bureau of Investigation which led to criminal charges against some of the original Defendants.

Leander and Starman respond that the requirements of Rule 15(c) have not been met and in support, they cite the case of *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The parties argue that just because they were approached by the F.B.I. did not put them on reasonable notice that they would be potentially brought into a lawsuit concerning the facts alleged in the Complaint. Additionally, they argue that this not a case of mistaken identity and that the Plaintiff knew nearly four (4) years prior to the amendment that Leander and Starman had submitted bids and had received money for transferring their rights to bid at the exclusive sale.

Capital echoes these arguments and states that even though the original Complaint was filed within the applicable limitations period, the Trustee's claim against Capital was brought nearly three (3) years and seven (7) months after the sale of the assets and one (1) year and nine (9) months after the original Complaint was filed and therefore is time barred. Capital further argues that this is not a situation where it appears that the Plaintiff has made a mistake concerning the identity of the proper party. Here, the Plaintiff knew the identity of the parties and at all times was aware of the operative facts involving the allegations of the underlying Complaint but failed to add the new Defendants within the time permitted by the Federal Rules of Civil Procedure, the Bankruptcy Rules of Procedure and the statute of limitations.

The parties direct our attention to the Supreme Court case of *Schiavone v. Fortune, supra.*, which provides *Id.* at 29, 106 S.Ct. at 2384 the following:

> "Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period."

There is no question after review of the briefs and supporting documents that number 1 above has been met. Additionally, this Court has determined that bringing in Capital as an original Defendant and changing the status of the third party defendants to original defendants would not cause them prejudice in maintaining their defense. Thirdly, there is no suggestion that there was a mistake in identity as contemplated by number 3 above. But here, the Trustee is attempting to add entirely new and unrelated parties with no relation or identity to the original defendants after the statute of limitations has run. Like the *Schiavone* Court, *supra*, this Court also does not have a "choice between a 'liberal' approach toward Rule 15(c), on the one hand, and a 'technical' interpretation of the Rule on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says." *Schiavone, supra* at p. 30, 106 S.Ct. at p. 2384. The *Schiavone* Court also directs our attention to the Advisory Committee's 1966 Note on Rule 15(c) and at page

30 and 31 quoting the Advisory Committee's Note on Fed.Rule Civ.Proc. 15, 28 U.S.C.App., p. 551; 39 F.R.D. 83, we find the following:

> The Note specifically states that the Rule's phrase "within the period provided by law for commencing the action" means "within the applicable limitations period":

>> "An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of 'arising out of the conduct ... set forth ... in the original pleading,' and if, *within the applicable limitations period,* the party brought in by amendment, first, received such notice of the institution of the action—the notice need not be formal—that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party" (emphasis supplied).

The Court further indicates that the lynch pin is notice within the limitation period. This Court simply cannot make the leap that the Trustee request of us to find that because some of the parties to be added after the limitation periods were contacted during an F.B.I. investigation concerning the underlying facts of the alleged bid rigging, that they were on notice that they would be subject to a civil lawsuit at any time in the future.

■ Finally, the Trustee's Brief indicates that the reason he did not add certain of the Defendants to the original Complaint during the limitation period was because he did not have information available to him which permitted him to discover that these parties may have engaged in the alleged fraud or bid rigging. While the Court sympathizes with the Trustee's position; error, mistake, or lack of knowledge does not toll the running of the statute of limitations in those actions based upon fraud. More is required, for instance, an effort to cover up the fraud so that the injured party cannot uncover the fraud. See *Schwartz v. Pierucci,* 60 B.R. 397 (Bkrtcy.E.D.Pa.1986), *In re Truco, Inc.,* 110 B.R. 150 (Bkrtcy.M.D.Pa.1989), *Walck v. American Stock Exchange, Inc.,* 565 F.Supp. 1051 (E.D.Pa.1981) *affirmed* 687 F.2d 778 (3rd Cir.1982), *United National Insurance Company v. J.H. France Refractories Co.,* 417 Pa.Super. 614, 612 A.2d 1371 (1992).

Consequently, based upon the foregoing, the Court will grant the Motion to Dismiss filed by Capital. The Court further hereby grants the Motion for Reconsideration filed by the third party Defendants, Leander and Starman and vacates the Order of May 19, 1993, adding Leander and Starman as original Defendants.