**In re Frank Wallace HUNT, Debtor.**

**James and Wanda Lillie, Plaintiffs,**

**v.**

**Frank Wallace Hunt, Defendant.**

**Bankruptcy No. 92–27775whb.**
**Adversary No. 92–1060.**

United States Bankruptcy Court,
W.D. Tennessee.

May 3, 2005.

Michael W. Mitchell, Memphis, TN, for Debtor.

Jason G. Whitworth, Law Office of Houston Gordon, Covington, TN, for Judgment Creditors.

## OPINION AND ORDER ON MOTION TO RENEW JUDGMENT

On October 27, 1994, a judgment was entered in this court, ordering that a debt of $58,000.00 plus statutory interest was excepted from discharge. Since there is no specific federal statute of limitations on

how long this judgment is effective, the parties agree that we must look to Tennessee law. See, e.g., *Szybist v. Aircraft Acquisition Corp. (Taylorcraft Aviation Corp.)*, 163 B.R. 734, 738 (Bankr. M.D.Penn.1993). Under applicable Tennessee law, an action on a judgment must be taken within 10 years. See Tenn.Code Ann. § 28–3–110(2); Brown, MacLean and Ahern, 16 Tenn. Practice § 27.01 (1998).

This limitation period may be extended, however, under applicable Tennessee procedure. Federal Rule of Civil Procedure 69(a) provides that where there is no controlling federal rule or statute, the procedure for execution of judgments and actions related to judgments "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought. . . ." See also Ahern and MacLean, Bankruptcy Procedure Manual § 7069.02 (2004 ed.). The relevant procedure is found in Tennessee's Rule of Civil Procedure 69.04, which was amended as of July 1, 2004, to provide:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. . . .

Against this backdrop of law and procedure, the following took place:

1. On October 22, 2004, the judgment creditors' attorney hand delivered to the bankruptcy court clerk's office in Jackson, Tennessee, a "Complaint for Writ of Scire Facias and Revivor of Judgment." Since this court began requiring electronic filing of documents before that date, the attorney included in the delivery a disk containing an electronic version of the complaint.

2. According to the undisputed affidavit of that attorney, the clerk returned the disk with a notice that the complaint was being returned due to the clerk's requirement that a motion to reopen the closed case be filed before the complaint would be accepted for filing.

3. Following that notice, the creditors' attorney filed a motion to reopen the closed case and/or adversary proceeding, to which the debtor's attorney objected. This court entered an order on March 2, 2005, reopening the closed adversary proceeding in order to reach the merits of whether the judgment should be renewed, with the order conditioned upon the creditors paying the required reopening fee. That fee has been paid, along with the filing of the creditors' "Motion to Renew Judgment." Apparently, the creditors have elected to proceed with their motion rather than with the original complaint.

4. The motion recites the same facts as found in the previously tendered complaint, essentially saying that the judgment creditors have received no payment on the judgment from any source and that interest continues to run on the judgment, escalating the amount to $220,227.18. The motion also recites that the creditors' attorney attempted to file the complaint on October 22, within the ten-year period from the original judgment. The motion relies upon Tennessee Rule of Civil Procedure 69.04, saying that the pleading to renew the judgment was timely under that rule. The motion also relies upon Federal Rule of Civil Procedure 5(e) for its provision that the "clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not pre-

sented in proper form as required by these rules or any local rules or practices." Although the motion does not refer to it, Federal Rule of Bankruptcy Procedure 5005(a)(1) says the same thing.

5. The debtor responded to the motion to renew the judgment, saying that the "action to renew the judgment was not timely filed." The response asserted that Tennessee case law "historically" interpreted the relevant statutes and rules as requiring that the action to renew the judgment must be "commenced within the ten-year time frame." Moreover, even if the original complaint was timely filed, the response says that it did not comply with the controlling Tennessee rule, which requires that a copy of the order shall be mailed to the judgment debtor. The response was accompanied by an affidavit of Mr. Hunt, in which he states that a copy of the complaint was not mailed to him until November 5, 2005. Thus, the response argues that November 5, which is outside the ten-year limitation, must be used as the date upon which the notice of the writ of scire facias was effectively filed.

### DISCUSSION

In light of the above pleadings, it is clear that there is not a factual dispute; rather, there is a dispute about whether the judgment creditors' original pleading was filed within the required ten-year window and whether all of the pleadings satisfy the Tennessee procedure for renewing judgments. These disputes involve questions of law and procedure upon which this Court may enter its conclusions without further hearing.

First, Federal Rule of Bankruptcy Procedure 5005 governs whether the renewal pleadings were timely. There is no dispute about the fact that the creditors' attorney delivered the original complaint on October 22, within the ten-year time period. Although this pleading was returned by the clerk, the clerk should not have refused the filing. It is not clear that the adversary proceeding would need to be reopened before the creditor's complaint for writ of scire facias and revivor could be filed, since the complaint could have been treated as a new proceeding for relief. Whether the closed case or proceeding must be reopened prior to accepting the complaint for filing is a question for determination by a judge, and the clerk was in error in returning the complaint without submitting it to a judge for that determination. The complaint was timely tendered and is deemed to have been filed on October 22, 2004; therefore, the complaint itself was timely.

The next question is whether that complaint or the present motion to renew the judgment, or a combination of the two, is sufficient for the purpose of notifying the debtor of the remedy sought. The debtor's response depends upon a requirement that a court order be mailed to the debtor, apparently within the ten years, but that is not what the Tennessee rule says. Rule 69.04 says that the judgment creditor must "move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended." The order referred to would be the court's show cause to the debtor, requiring the debtor to show cause within thirty days why the judgment should not be extended. The debtor argues that Rule 69.04 is a notice motion, and to an extent that is true, but it does not require that actual notice be given within the ten years.

The Rule does not specify that the court's show cause order be issued before the ten years expires, only that the motion be filed within that time. Was the complaint a sufficient pleading to satisfy this "motion" requirement? The court con-

cludes that it was. Although styled a complaint and following the older scire facias procedure, the complaint set out that the judgment creditors were seeking the remedy of renewal of their judgment, which remained unsatisfied, and the complaint asked for process to issue and for service to be made on the debtor. Had the complaint been docketed as filed by the clerk and had process issued, the complaint clearly would have put the debtor on notice of the same thing as a show cause motion.

In fact, there is no question that the debtor received the complaint and the subsequent motion to reopen the closed case/proceeding, because the debtor appeared through counsel and objected to a reopening. As stated previously, it is not essential that the debtor receive these pleadings within the ten-year period, only that the renewal pleading be filed within that time. The court acted promptly upon the motion to reopen, giving the debtor an opportunity to respond, and he did. The response does not contend that the judgment has been satisfied; indeed, it denies any knowledge of whether any payments have been made on it. The only basis for denying the renewal is the debtor's contention that the renewal pleading was untimely and that he did not receive an order to show cause within the ten-year time.

## CONCLUSION AND ORDER

The court has already concluded that the original complaint was timely, and that the debtor received the equivalent of a show cause when he received the pleadings, including the complaint, motion to reopen and motion to renew. The pleadings filed by the judgment creditors, while not styled as a show cause motion, satisfied the elements of such a motion. The court looks to the substance of the pleadings rather than merely to their form.

The debtor has been accorded a due process opportunity to show any cause why the judgment should not be renewed, and his arguments fail to demonstrate such cause. The judgment remains unsatisfied, and **IT IS ORDERED** that the judgment is renewed for an additional ten years. Renewal of the judgment does not require the court to decide how much is owed at this time, since the terms of the original judgment control the amount of interest accrual.