# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 28, 2014 Session

## JIMMY W. BILBO, ET AL. v. OCOEE PLACE CONDOMINIUM HOMEOWNERS ASSOCIATION, ET AL.

### Appeal from the Circuit Court for Bradley County
### No. V-12-726       Jon Kerry Blackwood, Senior Judge

_____

### No. E2013-02532-COA-R3-CV-FILED-DECEMBER 12, 2014

_____

Jimmy W. Bilbo and Mildred D. Bilbo ("Plaintiffs") sued Ocoee Place Condominium Homeowners Association[1] ("Defendant") for, among other things, negligent construction which allegedly caused flooding that damaged Plaintiffs' property. Defendant filed a motion for summary judgment alleging, in part, that Defendant did not own the relevant real property, that Defendant exercised no input or control over the construction, and that Plaintiffs' action was barred by the statute of limitations and the statute of repose. The Circuit Court for Bradley County ("the Trial Court") granted Defendant's motion for summary judgment. Plaintiffs filed a motion to alter or amend, which the Trial Court denied. Plaintiffs appeal to this Court raising issues regarding whether the Trial Court erred in refusing to alter or amend the grant of summary judgment pursuant to Tenn. R. Civ. P. 54.02 or Tenn. R. Civ. P. 60.02. We find no abuse of discretion in the Trial Court's denial of Plaintiffs' Tenn. R. Civ. P. 54.02 or 60.02 motion, and we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Brent McIntosh, Cleveland, Tennessee, for the appellants, Jimmy W. Bilbo and Mildred D. Bilbo.

---

[1]Plaintiffs also sued Ronnie Ball; Linda Ball; R.L. Ball Construction; Ocoee Place Condominium, LLC; City of Cleveland, Tennessee; The Travelers Insurance Company; Travelers Indemnity Company; Travelers Casualty and Surety Company; Travelers Casualty Insurance of America; and The Standard Fire Insurance Company. None of these defendants are involved in this appeal, and we confine our discussion in this Opinion to the issues involving Defendant.

Jeffrey R. Thompson, Knoxville, Tennessee, for the appellee, Ocoee Place Condominium Homeowners Association.

## OPINION

## Background

Plaintiffs own real property located in Bradley County, Tennessee. Ocoee Place Condominiums ("the Condos") were constructed on real property that adjoins Plaintiffs' property. Plaintiffs allege that the construction of the Condos did not comply with a two hundred foot setback required by the City of Cleveland. Additionally, during construction of the Condos, a creek, which previously had carried surface water away from Plaintiffs' property, was filled. Plaintiffs allege that on September 22, 2011 "after a rainfall and due to the diversion of the natural flow of the surface runoff, running water flowed under the [Plaintiffs'] residence and caused extensive damage to the dwelling, equipment and other property . . . ." Plaintiffs filed this suit against Defendant on September 21, 2012.

Defendant filed a motion for summary judgment alleging, in pertinent part, that Defendant did not own the real property upon which the Condos were constructed and that Defendant exercised no input or control over the construction of the Condos. In support of its motion for summary judgment, Defendant filed the "Declaration of Mary Roberts" rather than an affidavit, as permitted by Tenn. R. Civ. P. 72. Plaintiffs responded to Defendant's motion for summary judgment and agreed for the purpose of ruling on the motion for summary judgment that Defendant:

> did not have any role whatsoever in the construction or design of the condominiums.
>
> * * *
>
> had no decision-making authority and did not attempt to exert any influence in the construction of the condominiums.
>
> * * *
>
> was not involved in the securing of permits or any decisions whatsoever relating to excavating, grading, building, or establishing setback lines.

* * *

did not have any involvement whatsoever in any decision with respect to the filling in of a natural drainage creek.

* * *

did not have any involvement whatsoever in any decision that altered the natural drainage or surface runoff.

* * *

did not own the land which was allegedly altered or upon which the condominiums were constructed.

After a hearing, the Trial Court entered its Order of Partial Summary Judgment on June 7, 2013 granting Defendant summary judgment after finding and holding:

The plaintiffs allege that they suffered damage to their property occurring on September 22, 2011, as a result of the diversion of the natural flow of water by the above named defendants as well as other named defendants. Specifically, the complaint alleges that the defendant did not follow public and private zoning ordinances, [sic] and restrictions in the construction of condominiums adjacent to plaintiffs' property. The complaint alleges the defendants failed to adhere to the required set backs in construction [sic] property adjacent to the plaintiff's [sic]. Also the complaint alleges that defendants negligently filled in a natural drainage ditch that caused surface runoff onto plaintiffs' residence and wrongfully interfered with the natural drainage.

The defendants filed the Declaration of May Brown [sic] in support of their Motion for Summary Judgment. In said declaration, Mary Brown [sic] as President of the defendant Homeowner Association states that the Homeowner Association does not own the property that was filled in which purportedly caused the drainage overflow; that the condominium complex had been substantially completed when the defendant association was formed; that defendant had no decision making authority as to the construction of the condominiums or securing permits, setback lines, and filling in the natural drainage ditch. Consequently, the Court finds that the defendants have presented proof that negates essential elements of plaintiffs' claim.

-3-

Plaintiffs filed a motion to alter or amend the grant of summary judgment claiming newly discovered evidence. The Trial Court denied Plaintiffs' motion by order entered September 16, 2013. Defendant then filed a motion for entry of a final judgment pursuant to Tenn. R. Civ. P. 54.02. On October 17, 2012, the Trial Court made the judgment granting Defendant summary judgment and dismissing Plaintiffs' claims against Defendant a final judgment pursuant to Tenn. R. Civ. P. 54.02. Plaintiffs appeal to this Court.

## **Discussion**

Although not stated exactly as such, Plaintiffs raise two issues on appeal: 1) whether the Trial Court erred in failing to alter or amend the grant of summary judgment pursuant to Tenn. R. Civ. P. 54.02; and, 2) whether the Trial Court erred in failing to alter or amend the grant of summary judgment pursuant to Tenn. R. Civ. P. 60.02. Defendant raises the additional issue of whether the grant of summary judgment to it is appropriate even if Plaintiffs' newly discovered evidence is considered.

We first consider whether the Trial Court erred in failing to alter or amend the grant of summary judgment pursuant to Tenn. R. Civ. P. 54.02. "A trial court's ruling on a motion to revise pursuant to Rule 54.02 will be overturned only when the trial court has abused its discretion." *Harris v. Chern*, 33 S.W.3d 741, 746 (Tenn. 2000). In *Lee Medical, Inc. v. Beecher*, our Supreme Court discussed the abuse of discretion standard at length, stating:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d at 42.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d at 212.

*Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010).

With regard to motions pursuant to Tenn. R. Civ. P. 54.02, our Supreme Court has instructed:

When additional evidence is submitted in support of a Rule 54.02 motion to revise a grant of summary judgment, a trial court should consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted

evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

*Harris*, 33 S.W.3d at 745.

Plaintiffs' motion to alter or amend alleged that "[w]hether intentional, through inadvertence or lack of knowledge, the statement made by Mary Roberts that the defendant Ocoee Place Homeowners Association does not own the land which was altered and upon which the condominiums were constructed is not supported by the facts." Plaintiffs support this allegation with, among other things, copies of certain deeds recorded in the Bradley County Register's Office in 2001, 2002, 2003, 2004, and 2007.

Plaintiffs asserted in their motion to alter or amend that "[t]he ownership of the property in question is extremely important to the determination of liability in this case." Plaintiffs, however, provided no explanation whatsoever to the Trial Court as to why they could not have obtained copies of the relevant deeds, which were public record, prior to the Trial Court's ruling on the motion for summary judgment. Plaintiffs also failed to provide the Trial Court any information whatsoever as to their attempts to obtain evidence in order to respond to Defendant's motion for summary judgment. Given all this, we find no abuse of discretion in the Trial Court's denial of Plaintiffs' motion to alter or amend pursuant to Tenn. R. Civ. P. 54.02.

Next, we consider whether the Trial Court erred in failing to alter or amend the grant of summary judgment pursuant to Tenn. R. Civ. P. 60.02. We review a trial court's ruling on a motion for relief pursuant to Tenn. R. Civ. P. 60.02 for abuse of discretion as well. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

In pertinent part, Tenn. R. Civ. P. 60.02 provides that "the court may relieve a party or the party's legal representative from a final judgment, order or proceeding . . . " for specifically enumerated reasons. Our Supreme Court has "emphasized that Rule 60.02 only applies to final judgments." *Furlough v. Spherion Atlantic Workforce, LLC*, 397 S.W.3d 114, 127 (Tenn. 2013) (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012)).

When Plaintiffs filed their motion to alter or amend, the order granting summary judgment to Defendant was not a final order. The Trial Court ruled upon Plaintiffs' motion to alter or amend prior to certifying its order granting summary judgment as final pursuant to Tenn. R. Civ. P. 54.02. As the Trial Court's order granting summary judgment

was not a final judgment when Plaintiffs filed their motion to alter or amend, we find no abuse of discretion in the Trial Court's refusal to grant Plaintiffs relief pursuant to Tenn. R. Civ. P. 60.02.

Furthermore, we note that even if Tenn. R. Civ. P. 60.02 applied, Plaintiffs argument in their brief on appeal in support of this issue states that Plaintiffs seek relief due to "a mistake by their counsel." Plaintiffs further state:

> Counsel for [Plaintiffs] was unaware that the Declaration of Mary Roberts would be sufficient for purposes of Rule 56. As such, counsel for [Plaintiffs] did not procure their own affidavit or declaration in their Response to [Defendant's] Motion for Summary Judgment. Consequently, in ruling on the motion for summary judgment, the trial court could only rely on [Defendant's] statement of the facts which fail to fully disclose all the relevant facts.

Plaintiffs are correct in the assertion that the Trial Court when ruling upon the motion for summary judgment could rely only upon what the parties had presented to the Trial Court. As this Court has stated, however, "[c]ounsel's ignorance of law or Rules does not justify Rule 60 relief." *Bivins v. Hosp. Corp. of America*, 910 S.W.2d 441, 448 (Tenn. Ct. App. 1995). All this being so, we find no abuse of discretion by the Trial Court even if Tenn. R. Civ. P. 60.02 applied.

## Conclusion

The judgment of the Trial Court is affirmed[2], and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Jimmy W. Bilbo and Mildred D. Bilbo, and their surety.

_____
D. MICHAEL SWINEY, JUDGE

---

[2]Our resolution of Plaintiffs' two issues makes it unnecessary for us to address the additional issue raised by Defendant.