IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 2, 2016

**TRINA A. SCOTT v. SHARFYNE L'NELL WHITE**

**Appeal from the Circuit Court for Montgomery County**
**No. 50300480          Ross H. Hicks, Judge**
_____

**No. M2015-02488-COA-R3-CV – Filed July 14, 2017**
_____

A judgment creditor moved to extend her judgment for an additional ten years under Tennessee Rule of Civil Procedure 69.04, and the trial court issued an order requiring the judgment debtor to show cause why the judgment should not be extended. Almost a year later, the judgment debtor filed a motion for relief from the judgment based upon an error in the certificate of service on the show cause order. In her response, the judgment creditor acknowledged that the address shown for the judgment debtor was incorrect but stated that, after the order was returned by the post office, it was mailed to the correct address. The judgment creditor also asserted that the motion for relief was premature because the court had not yet entered an order extending the judgment. The trial court entered an order extending the judgment for an additional ten years. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

Appellant, Sharfyne L'Nell White, pro se.

Christopher J. Pittman, Clarksville, Tennessee, for the appellee, Trina A. Scott.

**OPINION**

**I.**

On April 8, 2005, Trina Scott, as administrator of the estate of David Scott, obtained a judgment in the Circuit Court for Montgomery County, Tennessee, against

Sharfyne L'Nell White for the wrongful death of David Scott.[1]  Mrs. Scott filed a motion to renew the judgment on September 9, 2014.  Tenn. R. Civ. P. 69.04 (2015) (revised 2016)[2]; *see* Tenn. Code Ann. § 28-3-110(a)(2) (Supp. 2016) (providing ten-year statute of limitations for actions on judgments).  In her motion, Mrs. Scott explained that the judgment remained unsatisfied and requested that the court order Mr. White to show cause why the judgment should not be extended for an additional ten years.  *See* Tenn. R. Civ. P. 69.04.

The court issued the requested show cause order, which provided that Mr. White had "thirty (30) days from the date of mailing of this Order to show cause why the Judgment should not be renewed pursuant to Tennessee law."  But the certificate of service on the show cause order contained an error.  Specifically, the address for Mr. White reflected the city as Clinton, rather than Clifton, Tennessee.

The post office returned the mailing addressed to Clinton.  So, on December 19, 2014, counsel for Mrs. Scott mailed the order to Mr. White's correct address.

Eight months later, Mr. White, acting pro se, filed a motion for relief from the order renewing the judgment under Tennessee Rule of Civil Procedure 60.02(2).  As grounds, Mr. White asserted that the certificate of service fraudulently represented that the show cause order was mailed on September 19 when in fact the order had been mailed on December 19.  According to Mr. White, this delay prevented him from filing a

---

[1] Mrs. Scott filed a wrongful death action against Mr. White in 2003.  The trial court entered a default judgment on March 18, 2005, and conducted an ex parte hearing to determine the appropriate amount of damages.  On April 8, 2005, the court entered a $5,000,000 judgment against Mr. White, awarding $2,500,000 in compensatory damages and $2,500,000 for loss of consortium.

[2] In 2016, the General Assembly ratified and approved a revision to Tennessee Rule of Civil Procedure 69.04.  H. Res. 143 & S. Res. 81, 109th Gen. Assemb., Reg. Sess. (Tenn. 2016).  The rule currently provides as follows:

> Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years.  A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor.  If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court.  If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years.  The same procedure can be repeated within any additional ten-year period.

Tenn. R. Civ. P. 69.04.  Throughout this opinion, citations to Tennessee Rule of Civil Procedure 69.04 are to the version in effect before July 1, 2016.

response.  Mr. White asked the court to "rescind" the order renewing the judgment and grant him additional time to "show cause."

In her response, Mrs. Scott acknowledged the error in the certificate of service but claimed that Mr. White was not prejudiced because the court had not yet entered an order renewing the judgment.  Because more than thirty days had elapsed since the date Mr. White acknowledged that the show cause order had been mailed to the correct address, Mrs. Scott requested that the court immediately enter an order renewing the judgment.

Mr. White countered that the incorrect date on the certificate of service on the show cause order led him to believe that the deadline for a response had already elapsed. He also continued to assert that the order renewing the judgment was void for improper service.[3]

The trial court issued a final order on October 9, 2015.  The court found that Mr. White had thirty days from the date the show cause order was mailed to the correct address within which to object to extension of the judgment.  Mr. White did not respond until August 28, 2015, over seven months after the deadline.  The court noted that, even then, Mr. White failed to dispute the underlying judgment.  The court denied Mr. White's Rule 60.02 motion because, when the motion was filed, there was no judgment to set aside.

## II.

### A. EXTENSION OF JUDGMENTS

As we understand it,[4] Mr. White challenges the trial court's extension of the judgment and the denial of his Rule 60.02 motion.  The trial court's decision to extend the judgment was based on an interpretation of the Tennessee Rules of Civil Procedure. As such, this case presents a question of law, which we review de novo, with no presumption of correctness. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

---

[3] Mr. White argued that service of the show cause order failed to comply with Tennessee Rule of Civil Procedure 4.04(10), which governs service of a summons and complaint by mail. *See* Tenn. R. Civ. P. 4.04(10).

[4] Mr. White raised two issues in his brief: (1) whether the court erred in granting the original default judgment; and (2) whether the court's denial of his Rule 60 motion was an abuse of discretion. But in his reply brief, Mr. White explained that his first issue "was not an attempt to ask for reversal of that judgment but rather [evidence of ] 'good cause' as to why the extension of the judgment should not have been granted."

The procedure for extending a judgment is set forth in Tennessee Rule of Civil Procedure 69.04. At the time Mrs. Scott requested the extension of the judgment, the rule provided as follows:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated with any additional ten-year period.

Tenn. R. Civ. P. 69.04. Mrs. Scott filed the motion to renew within ten years from entry of the original judgment. According to Rule 69.04, Mr. White was required to respond within "thirty days of mailing," or the court would automatically grant the motion. *See Bellamy v. Cracker Barrel Old Country Store, Inc.*, 302 S.W.3d 278, 281 (Tenn. 2009) ("When "shall" is used in a statute or rule, the requirement is mandatory."); *see also* Tenn. R. Civ. P. 69.04 Advisory Comm. cmt. to 2016 revision (explaining that "if the judgment debtor files no response to the motion in 30 days[,] the extension shall be automatically granted").

The mailing of a copy of the show cause order serves to provide the judgment debtor with an opportunity to show "why the judgment should not be extended for an additional ten years." Tenn. R. Civ. P. 69.04. Here, Mr. White did not receive the requisite notice until the order was mailed to the correct address on December 19. Although Mr. White had until January 21, 2015, to object to an extension, he took no action until August 28, 2015, over seven months after the deadline. *See* Tenn. R. Civ. P. 6.05 (providing an additional three days to take a prescribed action after service by mail).

Mr. White's mistaken belief that the time limit had already expired does not excuse his noncompliance with Rule 69.04. He received notice of the motion to renew, had an adequate opportunity to object, but failed to timely do so. The plain language of Rule 69.04 entitled Mrs. Scott to an extension of the judgment based upon the untimely response.

Mr. White also contends that the order extending the judgment was ineffective because it was issued after the expiration of the original ten-year period. We disagree. For purposes of Rule 69.04, the proper focus is on the timing of the motion to extend, not the court's order extending the judgment. As long as a motion to extend is filed "[w]ithin ten years from entry of a judgment," as is the case here, a judgment creditor may "avoid having the judgment become unenforceable by operation of [Tennessee Code Annotated § 28-3-110(a)(2)]." Tenn. R. Civ. P. 69.04 Advisory Comm. cmt. to 2016 revision; *see*

4

*also In re Hunt*, 323 B.R. 665, 669 (Bankr. W.D. Tenn. 2005) ("[I]t is not essential that the debtor receive these pleadings within the ten-year period, only that the renewal pleading be filed within that time."). The rule does not require the order extending the judgment for the additional ten-year period to be entered within ten years from the entry of the judgment.

## B. RELIEF FROM JUDGMENTS

Next, Mr. White argues that the denial of his Rule 60.02 motion was an abuse of discretion. *See Howard v. Howard*, 991 S.W.2d 251, 255 (Tenn. Ct. App. 1999) ("[R]elief granted pursuant to rule 60.02 lies within the sound discretion of the trial court . . . ."). Our review of discretionary decisions is limited. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009). We do not "second-guess the court below" or "substitute [our] discretion for the lower court's." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). In reviewing discretionary decisions, we consider "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Id.* We "review the underlying factual findings using the preponderance of the evidence standard . . . and . . . the lower court's legal determinations de novo without any presumption of correctness." *Id.* at 525.

There was no abuse of discretion in denying the motion for relief. As the trial court concluded, no relief was available under Rule 60.02 because a final judgment had not been entered when the request was made.[5] *See* Tenn. R. Civ. P. 54.01 (defining a judgment as a "decree and any order from which an appeal lies"). By its terms, Rule 60.02 permits relief from "a final judgment, order or proceeding." Tenn. R. Civ. P. 60.02; *see also Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977) ("The function of this Rule is to give relief from final judgments . . . ."); *Bilbo v. Ocoee Place Condo. Homeowners Ass'n*, 462 S.W.3d 490, 495 (Tenn. Ct. App. 2014) ("As the Trial Court's order granting summary judgment was not a final judgment when Plaintiffs filed their

---

[5] Although Mr. White represented himself in the trial court as he does on appeal, that fact does not excuse him from complying with the applicable rules of procedure. As we have explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted).

motion to alter or amend, we find no abuse of discretion in the Trial Court's refusal to grant Plaintiffs relief pursuant to Tenn. R. Civ. P. 60.02.").  Absent a final judgment, the trial court properly denied the motion.

## III.

For the foregoing reasons, we affirm the decision of the circuit court.


_____
W. NEAL MCBRAYER, JUDGE