# S. Butler Windle, Appellant, *v.* The Crescent Pipe Line Company.

*Pipe lines—Damages—Release—Evidence—Trespass—Mistake of remedy.*

In an action of trespass against a pipe line company for unlawful entry, where the defendant produces in evidence a release of damages which stipulates that the defendant shall pay " for all actual injuries," the plaintiff cannot be heard to allege that he supposed from the representations made to him that he would get the same damages as his neighbors, there being no offer to show fraud, accident or mistake, or that there was a parol promise made at the time. without which the release would not have been signed. In such a case the plaintiff's remedy is an action on his contract.

Argued Feb. 10, 1898. Appeal, No. 497, Jan. T., 1897, by plaintiff, from judgment of C. P. Chester Co., April T., 1897, No. 44, on verdict for defendant. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for an alleged unlawful entry upon land. Before HEMPHILL, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial, plaintiff made the following offer:

Counsel for the other side, improperly, and without any color of right, having asked counsel for the plaintiff below to state specifically the proposed testimony of S. Butler Windle, who was the plaintiff; and counsel for the plaintiff having volunteered a lengthy detailed statement as requested, the substance of which is as follows: " I expect to prove by this witness that the agents of the defendant in this case called upon him during the spring, summer and fall of 1892, . . . . and among other things, by way of inducing him to sign this release, they said to him, . . . . ' You will get the same damages that others will get who don't sign these rights of way.' . . . . Mr. Henderson, who has signed the release in question, as agent, . . . . took occasion to read over this clause to Mr. Windle : ' By the acceptance of this grant, the Crescent Pipe Line Company agrees . . . . to pay for actual injuries done to lands, timber, crops, fences, buildings and improvements, whatsoever, occasioned by the construction of said line through and over said land.' . . . .

After reading this clause he said to him : ' Now this means all injuries ; none will be left out.' He repeated that two or three times. And in explaining to the witness what the one hundred dollars was for he said : ' That is just to keep us from going to West Chester to file a bond.' . . . . I want to show also that the witness did not understand the technical legal phrase, ' all actual injuries done to lands,' . . . . but supposed, as he was led to suppose by these agents, and by Mr. Henderson in particular, that it meant all damages, and that none would be left out. . . . I will also show by this witness that the one hundred dollars given him, apparently for the right of way, if this instrument is to be interpreted literally, is a grossly inadequate price for the easement or right of way across his place, if the depreciation to the land as to its market value is to be taken into consideration. I will also prove . . . . that a number of times . . . . between 1892 . . . . and 1895, different agents called on him and said to him that they would be back again and try to make a settlement; that they made no offer from the time of the laying of the pipe until the fall of 1895, and then he learned for the first time that they refused to pay him consequential damages." (The above being the material quotations from the offer.)

Mr. Reid, of counsel for defendant: There is nothing in all of this but what is provided for in this agreement, and I object to the offer. . . .

The Court : I do not think the offer is admissible, and sustain the objection. Exception and bill sealed. [3]

The court gave binding instructions for defendant. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (3) ruling on evidence as above, quoting the bill of exceptions ; (4) in giving binding instructions for defendant.

*W. S. Harris*, for appellant.—A misapprehension of law as to the legal effect or meaning of a written instrument induced by the party who seeks to take advantage of such mistake or misapprehension is a fraud that will avoid the instrument : Light v. Light, 21 Pa. 412 ; Meckley's Est., 20 Pa. 482 ; Jordan v. Stevens, 81 Am. Dec. 559 ; Lawson on Contracts, sec. 235 ; Hard-

ing & Dubois v. Lloyd, 3 Pa. Superior Ct. 298; Hoopes v. Beale, 90 Pa. 82.

A gross inadequacy of price is some evidence of fraud, and, if fraud is satisfactorily proved, it makes a deed void as readily as articles of agreement: Davidson v. Little, 22 Pa. 251; Lawson on Contracts, sec. 276; Hamet v. Dundass, 4 Pa. 181; Duncan v. McCullough, 4 S. & R. 486.

*Alfred P. Reid*, for appellee.—The cause of action laid in the statement was an alleged unlawful entry upon plaintiff's premises, in digging a ditch and laying a pipe line. Evidence of damages caused by another and distinct entry, not set out in the statement, was not admissible: Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 170; Winkleblake v. Van Dyke, 161 Pa. 5.

The offer of parol evidence rejected by the court did not support the allegation that the grant of the right of way was procured by fraud: Phillips v. Meily, 106 Pa. 536; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Smith v. Nat. Life Ins. Co., 103 Pa. 184; Hoffman v. R. R., 157 Pa. 174; Stull v. Thompson, 154 Pa. 43; Forrest v. Nelson, 108 Pa. 481: Book v. Nail Co., 151 Pa. 499; Martin v. Berens, 67 Pa. 459; Clarke v. Allen, 132 Pa. 40; Ziegler v. McFarland, 147 Pa. 607; Coal & Iron Co. v. Willing, 180 Pa. 167; Schiehl's Est., 179 Pa. 308; Dickson v. Hartman Mfg. Co., 179 Pa. 343.

OPINION BY MR. JUSTICE MITCHELL, May 16, 1898:

The plaintiff has clearly mistaken his remedy. In his statement he declared as the owner of a farm for a trespass by an entry "without authority of law or of the plaintiff," the digging of a ditch, and putting down of a pipe therein, the trampling of his grass, cutting of his trees, and damage by the leakage of oil from the pipe. His evidence in chief was all upon the same lines. The defendant then put in evidence a release under seal, by which plaintiff authorized the entry and granted the defendant a right of way for its pipe, the defendant stipulating to pay for all actual injuries to lands, timber, crops, fences, buildings and improvements, and for all damages from bursting or leaking of the pipe, etc.

To meet this turn in his case the plaintiff then offered to

prove that the said release was obtained from him by fraud. This he would have been entitled to do if his testimony had reached the required standard. But it clearly did not. It was an offer to show that plaintiff supposed from the representations made to him that he would get the same damages as his neighbors, and that they would include "all damages," although the words used in the writing were "to pay for all actual injuries." Without going over the long offer in detail, it is sufficient to say that there was no allegation that anything had been left out of the paper by fraud, accident or mistake, or that there was any parol promise or agreement made at the time, without which it would not have been signed by plaintiff. Nor were there any damages averred in the statement that were not provided for in the release. The offer therefore fell short, and the judge was right in rejecting it. The plaintiff's remedy appearing clearly to be on his contract, the judge was also right in holding that he could not recover in the present action. The extent of his rights under the contract it would be premature to discuss.

Judgment affirmed.