## Gedekoh et ux., Appellants, *v.* Peoples Natural Gas Company.

Argued April 9, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis Vaira,* for appellants.

*Milton W. Lamproplos,* with him *Smith, Buchanan, Ingersoll, Rodewald & Eckert,* for appellee.

OPINION BY ERVIN, J., June 11, 1957:

This is an appeal from the order of the court below wherein it sustained preliminary objections and dismissed the complaint, without granting leave to amend the form of action from trespass to assumpsit. On October 26, 1956 plaintiffs filed a complaint in trespass setting forth that the plaintiffs are the owners of a farm and that the defendant gas company "has a right-of-way or easement through this farm under which there is laid a gas line, and from time to time it has been necessary for the Gas Company to repair this line." The plaintiffs further averred that the defendant has been on the farm 13 different times to repair the pipe line and once to repair the telephone line and then itemized the dates and damage done. The defendant filed preliminary objections to the effect that the complaint failed to state a cause of action in trespass. In the course of the argument counsel for plaintiffs indicated that if the court was of the opinion that an action in assumpsit was more appropriate, the plaintiffs should be allowed to amend. The court sustained the preliminary objections and granted plaintiffs leave to file an amended complaint. On January 3, 1957 plaintiffs filed an amended complaint by referring to the right-of-way agreement and attaching a copy. Plaintiffs, in the amended complaint, further stated: "That the Gas Company in disregard of their right of way agreement went on the premises and unlawfully went through 700 ft. of farm road and 200 ft. of corn field in order to arrive at a location to make a repair to a hole in its line which was 40 ft. long, 4½ ft. deep and 10 ft. wide, and referred to in paragraph 6 (d) of the original complaint; that on September 24, 1952, the Gas Company drove trucks and hauled earth digging machinery through 1200 ft. of pasture field in order to make a repair; on September 30, 1952, the Gas Com-

pany hauled a back hoe and other machinery and drove trucks through 1500 ft. of pasture land." The original complaint was entitled "Complaint in Trespass." The amendment failed to change the name "Trespass" to "Assumpsit." Defendant again filed preliminary objections stating that the plaintiffs had not stated a cause of action in trespass. The court below sustained the objections and dismissed the complaint "with leave for plaintiffs to proceed, without prejudice, in assumpsit." It is the appellants' contention on this appeal that the complaint should not have been dismissed but that they should have been permitted to amend the form of action from trespass to assumpsit. We agree with the court below that this really was an action in assumpsit and not in trespass. One cannot be guilty of a trespass by illegal entry if his wrong is committed subsequent to a rightful entry where such entry was by permission of the owner. Restatement, Torts, §158. Where the alleged trespasser has an easement over the land his entry is privileged. Restatement, Torts, §188. A right of entry constitutes an absolute defense to an action in trespass.[1]

*Pa. Water & Power Co. v. Reigart,* 127 Pa. Superior Ct. 600, 193 A. 311, relied upon by the appellants, involved the installation of additional equipment 12 years after the original installation and constituted a taking of land not contained within the boundaries of the original line. In the present case we are concerned only with repairs and maintenance of the original line and damages arising from ingress and egress for this purpose.

We are of the opinion that plaintiffs should have been given leave to amend the form of action from trespass to assumpsit. The discretion of the court in act-

---

[1] *Boults v. Mitchell,* 15 Pa. 371; *Narehood v. Wilhelm,* 69 Pa. 4; *Windle v. Crescent Pipe Line Co.,* 186 Pa. 224, 40 A. 310.

ing upon applications for amendments is a judicial discretion as distinguished from mere whim or caprice. Accordingly, in the absence of a proper ground for refusing an amendment, the court must grant leave to amend. 2 Anderson Pa. Civ. Pract. p. 534. Amendment should be freely allowed. Goodrich-Amram, §1033-2. In *Littler v. Dunbar,* 365 Pa. 277, 74 A. 2d 650, an agent made false representations which were unauthorized and unknown to his principal. The plaintiff erroneously brought suit in trespass for fraud and deceit instead of an action of assumpsit to recover the down money from the innocent principal. The Supreme Court held that notwithstanding the erroneous form of the action, the verdict, being for an amount which could have been properly recovered in a suit in assumpsit, should be sustained. Justice STEARNE, in his opinion, said at pp. 279, 280: " '. . . the form of action is amendable at any stage of the proceedings. . . .' . . . 'Scarcely any procedural defect is viewed with greater tolerance by modern courts than errors in the form of the action.' " See also *Taylor v. Kaufhold,* 368 Pa. 538, 544, 545, 84 A. 2d 347. In *DuPuy Estate,* 373 Pa. 423, 429, 96 A. 2d 318, Justice STEARNE said: "Amendments should be as freely allowed from law to equity as from one form of action at law to another." Refusal to permit an amendment of the form of action, under the facts of this case, is an abuse of discretion. In *Downey v. Duquesne City Bank,* 146 Pa. Superior Ct. 289, 293, 22 A. 2d 124, Judge HIRT said: "Recognition of the right to amend, if the application is timely, is not a matter of discretion with the court but is a positive duty." See also *Euster v. Standard Accident Ins. Co.,* 139 Pa. Superior Ct. 6, 9, 10, 10 A. 2d 877. In Goodrich-Amram §1033-2, footnote 5, in the comment on the case of *Hohensee v. Colonial Airlines, Inc.,* 75 D. & C. 347, it is said: "(2) The court intended to

permit the plaintiff to institute a new action in assumpsit. If this is so, why should not the form of the pending action be amended to save the loss of time and the added expense involved in the institution of a new suit?" It is true that plaintiffs were given one opportunity to amend and did actually amend. The plaintiffs should not be put out of court because of the failure of their attorney to change the word "trespass" to "assumpsit" at the heading of their complaint. Plaintiffs should not be obliged to undergo further loss of time and expense before being permitted to get to the merits of this controversy. Some day we probably will follow the example of the State of New York and have but one form of action. In the meantime courts and lawyers will continue to lose much valuable time in procedural matters, such as we are concerned with here. Parties should not be obliged to suffer because of the procedural mistakes of their attorneys. They should be accorded a speedy disposition of their controversies on the merits.

The order of the court below is reversed and it is ordered that the preliminary objection of the defendant be and the same is hereby sustained and the plaintiffs are granted 30 days within which to file an amended complaint.