## Kaczmarkiewicz v. J. A. Williams Co.

*A. H. Rosenberg*, for plaintiff.

*William J. Lancaster*, for defendant.

WEISS, J., September 10, 1957.—Defendant has filed a preliminary objection in the nature of a demurrer to plaintiff's complaint in assumpsit claiming damages

for injuries suffered by wife plaintiff when a stepladder which she was using in the course of her employment collapsed and gave way. The stepladder was sold by defendant, a wholesale dealer, to a retail dealer who in turn sold it to wife plaintiff's employer.

We thus have a situation where a person, not the buyer, injured as a result of an alleged defect in the goods sold, seeks to hold the remote vendor liable on the basis of a breach of an implied warranty.

Our courts have generally held that privity of contract between the parties in an action of assumpsit for breach of warranty is essential: Dillon v. William S. Scull Co., 164 Pa. Superior Ct. 365, citing Loch v. Confair, 361 Pa. 158. In the instant case privity of contract is lacking but plaintiffs contend that privity is not necessary under the Uniform Commercial Code, citing article 2, sec. 318, 12A PS §2-318, which states:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section": Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-318.

The official comments to the section state that its purpose is: "to give the buyer's family, household and guests the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiaries from any technical rules as to 'privity'. It seeks to accomplish this purpose without any derogation of any right or remedy resting on negligence. It rests primarily upon the merchant-seller's warranty under this Article that the goods sold are merchantable and fit for the ordinary pur-

poses for which such goods are used rather than the warranty of fitness for a particular purpose. Implicit in the section is that any beneficiary of a warranty may bring a direct action for breach of warranty against the seller whose warranty extends to him."

The court was not furnished with any cases construing this section and could find none. However, we have concluded that said section has no application in the instant case. It is our opinion that said section was intended to have application only when a person, not the buyer, seeks his remedy against the buyer's immediate seller. See the first sentence of comment 2 which states that the beneficiary receives the benefit of the same warranty which the buyer received *in the contract of sale*. Here, if wife plaintiff was considered a member of the household of the buyer, she could proceed against the retail seller in assumpsit since she is considered as having the benefit of the same warranty which her employer received *in the contract of sale with the retail seller*. There was no contract of sale between her employer and defendant; hence, there was none to benefit her.

In addition to the aforesaid, comment 3 to section 2-318 states that:

"This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. *Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain.*" (Italics supplied.)

The developing case law on this subject, which in our opinion rules the instant case, is to the effect that in cases involving food or other articles for human consumption the buyer's right of action for breach of warranty is not restricted to his immediate seller: Nock v. Coca Cola Bottling Works, 102 Pa. Superior

Ct. 515. However, where the article in question is other than food, we are of the opinion that the buyer must show privity of contract in order to maintain assumpsit against the remote vendor: Timberland Lumber Co. v. Climax Mfg., 61 F. 2d 391; Gallagher v. Pittston Tobacco Co., 43 Luz. 3.

Since there was no privity of contract between plaintiffs and defendant, preliminary objections ex parte defendant are sustained. However, in view of the recent holding of the Superior Court in Gedekoh v. Peoples Natural Gas Co., 183 Pa. Superior Ct. 511, we will not dismiss the complaint but will allow plaintiffs 30 days to file an amended complaint.