J-A14043-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JOHN MCDONALD, SR. AND JAMES J. PURMAN, IV | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| CNX GAS COMPANY, LLC., AND BARRY L. MCCONNELL AND JEFFREY W. MCCONNELL | : : : | No. 83 WDA 2020 |

Appeal from the Order Entered December 18, 2019
in the Court of Common Pleas of Greene County
Civil Division at No(s): A.D. 769,2015

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED SEPTEMBER 10, 2020

John McDonald, Sr. ("McDonald"), and James J. Purman, IV ("Purman") (collectively, "Plaintiffs"), appeal from the Order entering summary judgment against them and in favor of CNX Gas Company, LLC ("CNX"), Barry L. McConnell ("McConnell"), and Jeffrey W. McConnell ("J. McConnell") (McConnell and J. McConnell collectively referred to as "the McConnells") (all defendants hereinafter referred to as "the CNX Defendants"). We affirm.

The trial court summarized the relevant history underlying the instant appeal as follows:

> McDonald is the owner of an undivided [ninety percent] (90%) interest in 115+ acres located in Morris Township, Greene County, Pennsylvania [("the McDonald Land")]. [] Purman owns a[n] undivided [ten percent] (10%) interest in 131+ acres located in Morris Township, Greene County, Pennsylvania [("the Purman Land")]. The Purman Land includes the McDonald Land.

[Plaintiffs'] Complaint sets forth claims for Declaratory Relief, an Accounting, Trespass and Ejectment.

On December 14, 1977, Melvin M. McConnell and Hester L. McConnell [(collectively, "the Lessors")] entered into an Oil and Gas Lease [("the 1977 Lease" or "the Lease")] with Consolidation Coal Company [("CCC")]. Defendants [] McConnell and [J. McConnell] are the heirs of the Lessors. [] CNX [] acquired the [CCC's] interest in the Lease.

The primary term of the Lease is twenty-five years and can be extended by either (1) production or (2) drilling operations. Moreover, at the end of the primary term, the lessee[, CCC,] can elect to extend the Lease by an additional twenty-five years by paying the Lessors a renewal charge of $50.00 per acre. The Lease also grants specific rights to use the surface and allow[s] for unitiz[]ation with other properties.

On February 17, 1993, [the Lessors] conveyed a 131+ acre tract to James F. Kern [("Kern")] and Nancy Kern [(collectively, "the Kerns")]. The conveyance was subject to the 1977 Lease[,] and the [Lessors] excepted and reserved from the conveyance all the oil and gas rentals and royalties associated with the Lease.

On November 15, 2002, [CCC] exercised the option to extend the 1977 Lease. [The McConnells, as heirs of the Lessors,] were issued checks in accordance with this option.

On June 18, 2003, [the Kerns] conveyed the property to [McDonald] and John H. McDonald, Jr. [("McDonald, Jr.") (collectively, "the McDonalds")].

The conveyance was subject to the 1977 Lease and excepted and reserved all the oil and gas rentals and royalties from the 1977 Lease to the heirs of [the Lessors].

On March 26, 2005, [McDonald] and [] McDonald, Jr.[,] conveyed 131+ acres to [McDonald].

The conveyance was subject to the 1977 Lease and excepted and reserved all [of] the oil and gas rentals and royalties from the 1977 Lease to the heirs of [the Lessors].

On September 30, 2015, Plaintiffs filed the Complaint. [Plaintiffs contested the CNX Defendants['] oil and gas rights under the 1977 Lease.] In response to the Complaint, [the CNX Defendants] have Counter-Claimed seeking Declaratory Relief in favor of their rights....

Trial Court Opinion, 3/15/18, at 1-3 (unnumbered).

At the close of discovery, the CNX Defendants filed a Motion for partial summary judgment. On March 15, 2018, the trial court granted the Motion. Plaintiffs filed an interlocutory appeal, which this Court quashed on December 10, 2018. See McDonald v. CNX Gas Co., 203 A.3d 304 (Pa. Super. 2018) (unpublished memorandum).

CNX subsequently filed a Supplemental Motion for summary judgment. Plaintiffs also filed their own Motion for summary judgment. On December 18, 2019, the trial court entered an Order denying Plaintiffs' Motion for summary judgment, and granting the CNX Defendants' Supplemental Motion for summary judgment. Thereafter, Plaintiffs filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Plaintiffs present eight claims in their Statement of Questions involved, but set forth five differently-worded claims in the argument section of their brief:

1. "[Whether] the 1977 Lease Extension was not valid because

   A. The Lease Extension charge was paid to the wrong party; and

      B. CCC failed to record the Lease extension in the Recorder's Office."  See Brief for Appellants at 14, 20.

2. "[Whether] McDonald is a bona fide purchaser."  See id. at 32.

3. "[Whether] McDonald's trespass claims were improperly dismissed."  See id. at 36.

4. "[Whether] McDonald's ejectment claims were improperly dismissed."  See id. at 38.

5. "[Whether] McDonald's accounting claim was improperly dismissed."  See id. at 39.

We will address Plaintiffs' claims in the order set forth above.

Initially, we are cognizant of our scope and standard of review:

> Our scope of review of an order granting summary judgment is plenary.  [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact.  We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.  Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of his cause of action.  … Thus, a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the [fact-finder].  Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.  The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

DeArmitt v. New York Life Ins. Co., 73 A.3d 578, 585-86 (Pa. Super. 2013)

(citations and quotation marks omitted).

Our standard of review for a declaration of rights is also well settled.

Under the Declaratory Judgments Act,[1] the trial court is empowered to declare the rights and obligations of the parties involved. Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence.

Robson v. EMC Ins. Cos., 785 A.2d 507, 509 (Pa. Super. 2001) (footnote added, citations and internal quotation marks omitted).

In their first issue, Plaintiffs claim that the trial court erred in entering summary judgment in favor of the CNX Defendants, when the evidence establishes that the 1977 Lease renewal was not valid. Brief for Appellants at 14. Plaintiffs recognize that the Lessors entered into the Lease in 1977, for a term of 25 years, and that the Lease was recorded at that time. Id. at 15. Plaintiffs state that in 1993, the McConnells conveyed the [l]eased [l]and" to the Kerns, but excepted from that conveyance "all the oil and gas rentals and royalties under the above recited oil and gas lease until the expiration or termination of the same, whereupon all the oil and gas rights shall revert to the [Kerns], the Grantees herein, their heirs and assigns." Id. at 16 (citation omitted). Plaintiffs posit that the conveyance reserved the rents and royalties to the McConnells, but not the renewal fee. Id. at 17. According to Plaintiffs, CNX's predecessor, CCC, paid the renewal fee to the McConnells, and not the

_____

[1] See 42 Pa.C.S.A. §§ 7531-7541.

Kerns. Id. at 20. Because the renewal fee was not paid to the Kerns, Plaintiffs argue, the oil and gas lease expired, and they now own the rights to the gas and oil underlying the property. Id.

Our review of the record discloses that Plaintiffs waived this issue. In their initial Complaint and in subsequent filings, Plaintiffs claimed that the Lease renewal was not valid, based solely upon CCC's failure to record the renewal in the Greene County Recorder's Office. See Complaint, 9/30/15, at ¶¶ 7-8 (averring that the renewal or extension of the Lease was not "filed" or recorded); Response to New Matter and Counterclaim of the McConnells, 1/12/16, at ¶ 6 (averring that notice of an extension of the Lease was not recorded); Plaintiffs' Brief in Opposition to CNX's Preliminary Objections, 1/29/16, at 3 (unnumbered) (asserting that no renewal or extension of the Lease was recorded). Significantly, in opposing CNX's October 30, 2017, Motion for summary judgment, Plaintiffs claimed only that CCC "never confirmed that lease extension by recording a notice thereof in the Recorder's Office of Greene County, PA." Brief in Opposition to Motion for Summary Judgment, 2/1/18, at 2.

Our review further discloses that on March 15, 2018, the trial court entered summary judgment against Plaintiffs as to the validity of the Lease renewal, concluding that the Lease renewal was not void based upon a lack of recording. Trial Court Opinion and Order, 3/15/18, at 3-4. Following the quashal of Plaintiffs' interlocutory appeal of that Order, Plaintiffs filed their

own Motion for summary judgment. Plaintiffs first raised their present claim in that Motion. Specifically, Plaintiffs' Motion for summary judgment claimed that the Lease renewal was void, based upon CCC's alleged payment to the wrong party. See Motion for Summary Judgment, 5/31/19, at 6.

As this Court has explained,

a non-moving party's failure to raise grounds for relief in the trial court[,] as a basis upon which to deny summary judgment[,] waives those grounds on appeal. ... A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review.

Walsh v. Borczon, 881 A.2d 1, 5 (Pa. Super. 2005) (emphasis omitted) (quoting Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. P'ship, 764 A.2d 1100, 1105 (Pa. Super. 2000)).

Thus, the trial court finally resolved Plaintiffs' claim of an invalid Lease renewal based upon the only theory advance by Plaintiffs: the failure to record the Lease renewal in Greene County. Plaintiffs waived any other basis for opposing summary judgment, on their claim of an invalid Lease renewal, by not raising it in opposition to the CNX Defendants' October 30, 2017, Motion for summary judgment. See Walsh, supra. Accordingly, we cannot grant Plaintiffs relief on this portion of their first issue.

Also, in their first issue, Plaintiffs challenge the validity of the Lease renewal based upon CCC's failure to record the renewal in Greene County.

Brief for Appellants at 20. Specifically, Plaintiffs claim that CCC's failure to record the Lease renewal at the Recorder's Office, as required by statute, rendered the renewal void. Id. at 21. Plaintiffs argue that they cannot be charged with notice of the Lease's renewal, because no such renewal was recorded. Id. at 23. Thus, Plaintiffs claim ownership of the oil and gas underlying their property by virtue of the failure to record the renewal of the 1977 Lease.

> Pennsylvania's recording statute provides, in relevant part, as follows:
>
> Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded ... shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded ... before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim.

21 Pa.C.S.A. § 351.

The purpose of Pennsylvania's land recording statutes is "to protect subsequent bona fide purchasers by providing notice of conveyances and any other restrictions on land and guarding against a fraudulent title." MERSCORP, Inc. v. Delaware County, 207 A.3d 855, 866 (Pa. 2019) (citing, inter alia, Montgomery County, Pa. v. MERSCORP Inc., 795 F.3d 372 (3d Cir. 2015) (holding that Pennsylvania recording statutes do not create a mandatory duty to record every conveyance but, rather provide instructions

for "preserv[ing] the property holder's rights as against a subsequent bona fide purchaser")). "[A] property owner has the duty to become aware of recorded restrictions in the chain of title and will be bound to such restrictions even absent actual notice." Vernon Twp. Volunteer Fire Dep't, Inc. v. Connor, 855 A.2d 873, 880 (Pa. 2004); see Finley v. Glenn, 154 A. 299, 301 (Pa. 1931) (noting that a "grantee is chargeable with notice of everything affecting his title which could be discovered by an examination of the records or other [documentary evidence] of title of his grantor"). "It is always the duty of a purchaser of real estate to investigate the title of his vendor, and the purchaser must exercise due diligence in this regard." Sabella v. Appalachian Dev. Corp., 103 A.3d 83, 103 (Pa. Super. 2014) (citations omitted).

The Supreme Court of Pennsylvania has explained this due diligence obligation as follows:

> [The purchasers'] title could be affected only with what they actually or constructively knew at the time of the purchase; necessarily, as to the latter, by what they could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect the tit[l]e, and also by what appeared in the appropriate indexes in the office of the recorder of deeds, and in the various courts of record whose territorial jurisdiction embraced the land in dispute; but not of that which they could not have learned by inquiry of those only whom they had reason to believe knew of the facts.

Nolt v. TS Calkins & Assocs., LP, 96 A.3d 1042, 1048 (Pa. Super. 2014) (quoting Lund v. Heinrich, 189 A.2d 581, 585 (Pa. 1963) (internal citations omitted)). "Accordingly, a purchaser fulfills his or her due diligence

requirement when he or she examines the documents recorded in the county or counties in which the property is situated and when he or she asks the possessor about title, as well as any other people the purchaser has reason to believe would know about the status of the property's title." Nolt, 96 A.3d at 1048.

Here, the trial court determined that McDonald was not a bona fide purchaser of the oil and gas rights subject to the 1977 Lease. Trial Court Opinion, 3/15/18, at 4. In their second issue, Plaintiffs challenge this determination. See Brief for Appellants at 32. We therefore address the issue of McDonald's bona fide purchaser status at this time.

McDonald claims that the language of the deeds in his chain of title did not place him on notice as to whether the initial term of the Lease had been extended. Id. However, our review discloses that McDonald's chain of title provided ample notice of the exception and reservation of the oil and gas rights conveyed by the 1977 Lease. Beginning with the 1977 Lease, certain oil and gas rights were conveyed by the Lessors to CCC. The 1977 Lease was recorded at Greene County Deed Book Volume ("DBV") 625, page 1055.[2]

_____

[2] As this Court has explained, "an oil and gas lease reflects a conveyance of property rights within a highly technical and well-developed industry, and thus certain aspects of property law as refined by and utilized within the industry are necessarily brought into play." McCausland v. Wagner, 78 A.3d 1093, 1100 (Pa. Super. 2013).

In 1993, the Lessors conveyed 131+ acres, with some exclusions, to the Kerns ("the Lessors/Kerns Deed"). The Lessors/Kerns Deed expressly excepted and reserved the oil and gas rights associated with the 1977 Lease, providing as follows:

> This conveyance is made subject to a certain oil and gas lease currently in effect on the premises herein conveyed from Melvin M. McConnell et ux. to [CCC], dated December 14, 1977 and recorded April 14, 1978 in the Recorder's Office of Greene County in Deed Book Vol. 625, page 1055, together with the drilling and operating rights, no well however to be drilled nearer than two hundred (200) feet to the house and barn now on said land.
>
> There is EXCEPTED AND RESERVED unto the said Melvin M. McConnell and Hester Lavonne McConnell, his wife, the Grantors herein, their heirs and assigns, all oil and gas rentals and royalties under the terms and provisions of the above recited oil and gas lease agreement until the expiration or termination of the same, whereupon all oil and gas rights shall revert to the said James F. Kern and Nancy Kern, his wife, the Grantees herein, their heirs and assigns.

Lessors/Kerns Deed, 2/17/93. The Lessors/Kerns Deed was recorded at Greene County DBV 111, page 1271.

In June 2003, the Kerns conveyed an interest in the property to the McDonalds, as joint tenants with the right of survivorship ("the Kern/McDonalds Deed"). The Kerns/McDonalds Deed included the same exception and reservation stated in the Lessors/Kerns Deed. In addition, the Kerns/McDonalds Deed expressly provided the following exception and reservation of rights related to the Lease:

> EXCEPTED AND RESERVED unto the said Melvin M. McConnell and Hester Lavonne McConnell, his wife, the Grantors herein, their heirs and assigns, all oil and gas rentals and royalties under the

- 11 -

terms and provisions of the above recited oil and gas [L]ease agreement until the expiration or termination of the same, whereupon all oil and gas rights shall revert to the said James F. Kern and Nancy Kern, his wife, the Grantees herein, their heirs and assigns. Further, that the said James F. Kern and Nancy Kern, his wife, the Grantors herein, hereby convey all their right, title and interest in said oil and gas rentals and lease agreements to John H. McDonald, Sr. and John H. McDonald, Jr., as their assigns.

Kern/McDonalds Deed, 6/18/03. This deed was duly recorded at Greene County DBV 281, page 567. Thus, McDonald had notice of the exception and reservation of rights related to the 1977 Lease by virtue of the 2003 Kern/McDonalds Deed.

In March 2005, the McDonalds executed a quit claim deed (the "McDonalds/McDonald Deed") transferring the McDonalds' property interest solely to McDonald. McDonalds/McDonald Deed, 3/26/05. Included in that deed was the following reservation and exception of rights:

This conveyance is SUBJECT to a certain oil and gas lease currently in effect on the premises herein conveyed from [the Lessors] to [CCC], dated December 14, 1997[,] and recorded April 14, 1998[,] in the Recorder's Office of Greene County, Pennsylvania, in [DBV] 625, Page 1055, together with the drilling and operating rights, no well however to be drilled nearer than two hundred (200) feet to the house and barn now on said land.

There is EXCEPTED AND RESERVED unto the said [Lessors] the Grantors herein, their heirs and assigns, all oil and gas rentals and royalties under the terms and provisions of the above recited oil and gas lease agreement until the expiration or termination of the same, whereupon all oil and gas rights shall revert to the said [Kerns], the Grantees herein, their heir and assigns. Further, that the said [Kerns], Grantors, herein convey all their right, title and interest in said oil and gas rentals and royalties and lease agreements to [the McDonalds], as their assigns.

....

- 12 -

> SUBJECT to oil and gas rights heretofore granted, excepted or reserved of record; to rights of way for pipe lines and pole lines of record, and to building restrictions set forth in prior deeds of records.

Id. at 2. The McDonalds/McDonald Deed was recorded at Greene County DBV 321, page 349.

Thus, notice of the 1977 Lease was recorded repeatedly in McDonald's chain-of-title, up to and including the McDonalds' conveyance to McDonald. As McDonald is "chargeable with notice of everything affecting his title[,]" see Finley, supra, and McDonald had a duty to investigate the status of the oil and gas Lease disclosed in his deeds, see Nolt, supra, McDonald cannot establish his status as a bona fide purchaser, as a matter of law. Discerning no error by the trial court in this regard, we cannot grant McDonald relief on his first and second issues.

In their third issue, Plaintiffs challenge the entry of summary judgment as to their trespass claim. Brief for Appellants at 10. Plaintiffs contend that the CNX Defendants never argued, and provided no facts establishing, that their alleged "trespassory conduct" was reasonable or "was activity related to oil and gas development on the McDonald [P]roperty." Id. at 37. Plaintiffs argue that "while CNX argued that the 'reasonable use' doctrine applies to oil and gas development, CNX made no effort to establish that the conduct alleged by McDonald was reasonable and involved oil and gas development." Id. at 37-38.

In their Complaint, Plaintiffs averred a trespass cause of action based upon CNX's entry upon the property "without right or privilege[.]" Complaint, 9/30/15, ¶ 27. Plaintiffs did not claim a trespass based upon an unreasonable use of the property. Thus, a trespass cause of action based upon "unreasonable use" of the surface of the property is waived. See Garcia v. Cmty. Legal Servs. Corp., 524 A.2d 980, 982 (Pa. Super. 1987) (holding that the failure to plead separate causes of action waives any unclaimed cause of action); see also McShea v. City of Phila., 995 A.2d 334, 340 (Pa. 2010) (explaining that, although the Rules of Civil Procedure are to be liberally construed, "liberal construction does not permit unpled elements be pulled from thin air and grafted onto the pleading; it does not excuse the basic requirements of pleading. Where a pleading is straightforward, such as here, there can be no reworking of the claim so as to create a different theory of recovery.").

Regarding Plaintiffs trespass claim, we observe that "a trespass occurs when a person who is not privileged to do so intrudes upon land in possession of another, whether willfully or by mistake." Briggs v. Sw. Energy Prod. Co, 224 A.3d 334, 346 (Pa. 2020) (emphasis added). Therefore, "[a] right of entry constitutes an absolute defense to an action in trespass." Gedekoh v. Peoples Nat. Gas Co., 133 A.2d 283, 284-85 (Pa. Super. 1957).

As stated above, CNX had the right of entry by virtue of the 1977 Lease. Plaintiffs' claims challenging validity of the Lease lack merit, as discussed in detail supra. Because the record establishes CNX's right to enter the property pursuant to the 1977 Lease, we discern no error by the trial court in dismissing Plaintiffs' trespass cause of action premised upon the lack of privilege to enter the property.

In addition, regarding Purman's individual trespass claim, the trial court stated the following: "Plaintiff Purman's interest in this matter arises from the Purman Land encompassing the McDonald Land. Since Plaintiff McDonald cannot sustain his burden as a bona fide purchaser, [] Purman cannot maintain an action in ejectment against the McConnell Defendants or their Lessee, Defendant CNX[]." Trial Court Opinion, 3/15/18, at 3 (unnumbered).

Further, in a subsequent Opinion, the trial court explained Purman's status as follows:

> The chain of title by which [] Purman claims his ownership interest [(the "Purman Interest")] includes a quit claim deed dated August 7, 1951[,] recorded at [DBV] 483, Page 14, wherein Hazel Purman, widow of James Purman, II, quitclaimed any interest she may have in the subject tract, purporting to include the Purman Interest, to James J. Purman, III [("Purman, III")]. However, the record indicates that at the time of the aforementioned quit claim deed, Hazel Purman had no interest in the Purman Interest to convey.
>
> In an apparent effort to clarify Ownership, Wilma S. Milliken, Helen Gaylord, John Hook and Sarah Hook, his wife, record owners of the Purman Interest, subsequently filed a quiet title action ... at No. 39 December Term 1956, [in] the Greene County Court of Common Pleas [("the quiet title action")]. In the [] quiet title

- 15 -

action, the plaintiffs all claimed title to the Purman Interest by way of deeds dated July 13, 1951 ....

By Decree entered December 27, 1956, the [trial court] ordered that [] Purman, III[,] be "forever barred from asserting any right, lien title[,] or interest in the real estate described in the [C]omplaint inconsistent with the interests of the plaintiffs … unless the said defendant commences an action in ejectment within thirty (30) days. After responsive pleadings by [] Purman, III, the December 27, 1956[,] Decree became final following the filing of a praecipe on March 25, 1957[,] entering judgment of the plaintiffs for failure of [Purman, III] to timely commence an action of ejection.

Because the August 7, 1951[,] quit claim deed into Purman's predecessor did not effectively convey the Purman Interest, and the record indicates no other source of title into [] Purman, [] Purman never acquired any interest in the subject oil and gas. As all of [] Purman's claims rest upon his claim of ownership in the subject oil and gas, all of his claims are hereby dismissed, in their entirety.

Trial Court Opinion, 12/18/19, at 2-3. The record confirms the trial court's analysis and conclusion. Consequently, Purman's trespass action fails for this reason as well. See id.

In the fourth issue, Plaintiffs claim that the trial court improperly entered summary judgment against McDonald as to his ejectment claim. Brief for Appellants at 38. In support, McDonald argues that "[b]ecause McDonald's ejectment claim involved acti[]vity related to the development by CNX of an adjacent property for oil and gas drilling, his claim should not be dismissed." Id. According to McDonald, "the placing of an embankment on his property and the placing of a road on his property were unauthorized encroachments, as the activity related to the development of a drilling pad on an adjacent

property. Id. McDonald asserts that there was no connection between the activity on his property and the oil and gas Lease. Id. McDonald does not direct our attention to any legal authority that would support his claim.

"[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." Umbelina v. Adams, 34 A.3d 151, 161 (Pa. Super. 2011) (citation omitted). Plaintiffs neither apply relevant, legal authority to the facts of the case, nor present any basis upon which this Court could conclude that the grant of summary judgment was inappropriate. Accordingly, this claim is waived. See id.; see also Pa.R.A.P. 2119(a) (providing that a brief's argument portion must include "discussion and citation of authorities as are deemed pertinent.").

Finally, in their fifth issue, Plaintiffs claim that the trial court improperly entered summary judgment against them as to McDonald's claim for an accounting. Brief for Appellants at 39. According to Plaintiffs, "McDonald's accounting claim was based on CNX producing oil and gas without a lease. Because of the above trial court errors, McDonald's accounting claim should not have been dismissed." Id.

As set forth above, we find no merit to Plaintiffs' preceding issues. Further, we observe that Plaintiffs, again, cite no legal authorities to support their claim. Thus, this claim not only lacks merit, it is waived. See Umbelina 34 A.3d at 161; see also Pa.R.A.P. 2119(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2020